THE STATE, EX REL. TEJAN ET AL., APPELLANTS, *v.* MILBY, CLERK, APPELLEE.

286

(No. 2253—Decided November 19, 1953.)

*Messrs. Cowden, Pfarrer & Crew* and *Messrs. Magsig & Meyring,* for appellants.
*Mr. Jack E. Staley,* for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, denying relators' application for a writ of mandamus commanding the respondent, as clerk of the board of trustees of Van Buren township, to "sign, execute, and deliver to the relators, and those for whom they bring this action, vouchers and/or warrants in the amount of the respective claims and for such other and further relief * * *."

The record discloses that during the year 1951, each of the relators on whose behalf this action was brought entered into contracts with the trustees of Van Buren township for certain materials to be used and repairs

to be made upon certain township roads; that a certificate of the fiscal officer of the subdivision was not attached to the contracts certifying that the amount required to meet the same had been appropriated for that purpose and that the money was in the treasury or in the process of being collected as required by Section 5625-33, General Code; and that on April 15, 1953, the board of trustees recognized these claims as moral obligations of the township and authorized payment of the same.

The facts are clearly set forth in the judgment entry, which we quote:

"* * * the court finds that the claims set forth in the petition numbered from one to twenty-seven, inclusive, were claims for work performed and materials furnished to Van Buren township in 1951, during which year township roads were badly in need of repair due to ravages of severe weather; that during the year 1951 there were insufficient funds or no funds on hand in the township road fund or general fund with which to pay these claims; that there was an overdraft in the road fund of $30,947.33 at the end of the 1951 fiscal year; that there was a general fund balance of $40,533.95; that there was nothing in the gas tax fund; leaving a total balance of all funds of $9,586.62 on December 31, 1951; that there was no certificate attached by the clerk of the board of said township trustees in 1951 to any of the contracts or orders for labor or materials constituting the claims set forth in the petition, to the effect that the money required to meet the same had been lawfully appropriated for such purpose, and was in the treasury or in the process of collection to the credit of the appropriate fund and free from prior encumbrances for the payment of such contracts or orders, as required by Sec. 5625-33, G. C.;

that on April 22, 1953, during the second fiscal year following the year 1951, the board of trustees through the votes of the majority thereof, namely, Mr. Eichner and Mr. Wetz, the said Eichner and Wetz being all of the trustees of said township in office at that time, purported to authorize the payment of the twenty-seven claims set forth in the petition by twenty-seven separate resolutions, each one exactly similar, excepting as to the name of the claimant and amount of the claim, which read as follows:

" 'I make a resolution that the claim of . . . . . . . . . . . for the amount of . . . . . . . . . dollars is a just claim and that the township has received full benefit of the transaction and that we authorize the claim to be paid.'

"That there is nothing in the evidence to show that Van Buren township did not receive the full benefit of the work and materials making up the twenty-seven separate claims, and nothing to show that any of the claims are not correct as to amount; that the respondent, Dorothy Milby, as clerk of the board of trustees of Van Buren township, made up the minutes of the meeting at which the twenty-seven resolutions were duly approved by the two trustees of the township who were in office and present at the meeting on April 22, 1953, and said minutes were signed by the two trustees and by the respondent, as clerk of said board of trustees, prior to the filing of this suit; that the board of trustees of said township had sufficient funds on hand on April 22, 1953, when said resolutions were approved, and at the time of the filing and the hearing of this action to pay all the twenty-seven claims set forth in the petition; and that the respondent, as clerk of the board of township trustees of Van Buren township, has refused to sign the warrants and/or vouchers in payment of said twenty-seven claims."

Based upon the foregoing facts, the trial court found that the respondent was prohibited by the provisions of Section 5625-33, General Code, from issuing or signing vouchers or warrants for any of the claims set forth in the petition. Counsel for the relators contend that these claims are legally enforceable as moral obligations on the authority of *State, ex rel. Caton,* v. *Anderson,* 159 Ohio St., 159, 111 N. E. (2d), 248; *State, ex rel. Werden,* v. *Williams, Clerk,* 29 Ohio St., 161, and other cases, while the respondent urges the correctness of the trial court's legal conclusion.

We could well concur in the judgment of the trial court were this action grounded upon the alleged contracts, for under Section 5625-33, General Code, they would be void, and any payments made thereunder by this respondent would subject her to liability to the political subdivision for the full amount so paid. See Section 5625-37, General Code. However, this action is not grounded upon the alleged contracts, but is based upon the resolutions adopted by the trustees which recognize the claims as moral obligations. The questions therefore arising are: (1) Was the board of trustees morally obligated to recognize these claims? and (2), if so, did the board of trustees have the authority to adopt the resolutions? As to the first propounded question we are of the opinion that the board of trustees properly found the obligations to be moral ones within the definitions of the same, as clearly set forth in *State, ex rel. Caton,* v. *Anderson, supra,* at page 163, where the court quoted as follows from 1 Cooley on Taxation (4 Ed.), 412, 413, 414, Section 194:

" 'The term "moral obligation" has been defined as "a duty which would be enforceable at law were it not for some positive rule which exempts the party in that particular instance from legal liability." ' It has also

been defined as one "which cannot be enforced by action but which is binding on the party who incurs it, in conscience and according to natural justice." A "moral obligation" means that some direct benefit was received by the state as a state or some direct injury has been suffered by the claimant under circumstances where in fairness the state might be asked to respond, and there must be something more than a mere gratuity involved. In regard to the question whether the facts existing in any case bring it within the class of claims which the Legislature ought to recognize as founded upon equitable and moral obligations, it would seem that generally such question is largely one for the Legislature to decide for itself.' "

The question was one primarily for the board of trustees as stated in the fourth paragraph of the syllabus of the cited case:

"The extent to which moral or equitable claims against a municipality should be recognized is primarily for the legislative authority of the municipality to determine, provided, only, that such municipality may not expend any money for other than a city purpose or give it away."

The board is authorized by Section 3298-1 *et seq.*, General Code, to construct and maintain township and county roads; hence, the appropriation was for a lawful purpose. As to the authority of the board to adopt a resolution our Supreme Court has held in the *Caton case, supra*, in the first paragraph of the syllabus, that:

"A municipality has the authority to enact an ordinance appropriating money to pay a claim which is by law unenforceable against it but which on principles of justice and equity constitutes a moral obligation of the municipality."

The second paragraph of the syllabus is applicable also, and provides:

"An obligation may be recognized by a municipality, where such obligation would be enforceable at law were it not for some rule which exempts the municipality in the particular instance from legal liability, or where the obligation is legally unenforceable but is binding upon the municipality in conscience and according to natural justice."

We are of the opinion that the board of trustees has the same power and authority to recognize a moral claim as does the council of a municipality. The restrictions on appropriations and the expenditure of money set forth in Section 5625-33, General Code, are applicable to subdivisions and taxing units, each of which is defined in subdivision (a) of Section 5625-1, General Code:

" 'Subdivision' shall mean any county, school district, except the county school district, municipal corporation, township, township fire district or township waste disposal district in the state."

It will be noted that this definition includes municipal corporations, and that under subdivision (b) of Section 5625-1, General Code, municipal corporations shall mean:

"* * * any municipalities, including municipalities which have adopted a charter under the provisions of Article XVIII of the Constitution of Ohio."

Since both townships and municipal corporations having a charter under Article XVIII of the Constitution are included in the cited section of the Code, the law as pronounced in the case of *State, ex rel. Caton,* v. *Anderson, supra,* is applicable to the case at bar.

The judgment is reversed and the writ sought is allowed in accordance with the prayer of the petition.

*Judgment reversed.*

WISEMAN, P. J., and HORNBECK, J., concur.