BOARD OF EDUCATION OF THE MAPLE HEIGHTS CITY SCHOOL DISTRICT *v.* MAPLE HEIGHTS TEACHERS ASSOCIATION ET AL.

[Cite as Board of Education v. Maple Heights Teachers Assoc. (1973), 41 Ohio Misc. 27.]

(No. 917535—Decided August 20, 1973.)

Common Pleas Court of Cuyahoga County.

*Messrs. Squire, Sanders & Dempsey* and *Mr. Arthur A. Kola,* for plaintiff.

*Messrs. Green, Schiavoni, Murphy & Haines* and *Mr. Eugene Green,* for defendants.

HITCHCOCK, J. (By assignment from Paulding County.) Plaintiff asks if it can lawfully do what it thinks it cannot, *i. e.,* make valid contracts of employment with 12 school teachers for the 1973-1974 school year without first receiving "* * * a certificate signed by the clerk and president

of the board of education and the superintendent that the school district has in effect for the remainder of the school year and the first six months of the succeeding school year the authorization to levy taxes including the renewal of existing levies which, when combined with the estimated revenue from all other sources available to the district at the time of certification, are sufficient to provide the operating revenues necessary to enable the district to operate an adequate educational program on all the days set forth in its adopted school calendar for the current school year and for a number of days in the first six months of the succeeding school year equal to the number of days instruction was held or is scheduled for the corresponding months of the current school year * * *'' as per R. C. 5705.412.

Defendants assert plaintiff can do this and pursuant to Civ. R. 12(C) both plaintiff and defendants request judgment on the pleadings, from which the court finds it is not disputed that:

"Following the defeat of two successive operating levies by the electors of the Maple Heights City School District in November, 1972, and March, 1973, plaintiff Board of Education, by resolutions adopted in April, 1973, determined to reduce its expenditures for educational programs for the purpose of preserving sufficient funds to keep the schools of the School District open without deficit spending beyond that permitted by law.

"As part of its plan to reduce educational programs for the purpose of reducing expenditures, plaintiff Board of Education determined not to renew for the 1973-74 school year the limited teaching contracts of approximately 22 non-tenured teachers and gave notice to those teachers on or before April 30, 1973, as required by Section 3319.11, Ohio Revised Code, of its intention not to renew their limited contracts for the 1973-74 school year. As part of its plan to reduce expenditures, plaintiff also determined not to renew the employment of certain non-teaching employees and took action to reduce its expenditures in other operating areas.

"On the evening of May 21, 1973, the plaintiff Board of Education, pursuant to the terms of a Memorandum of Understanding, adopted a resolution determining to reinstate *up to twelve* of the 22 previously discontinued teaching positions, but only if contracts for such positions can be made without attaching thereto the certificate of financial resources required under Section 5705.412, Ohio Revised Code. The resolution adopted by the plaintiff Board of Education at its meeting on the evening of May 21, 1973, reads in full as follows:

" 'WHEREAS, a strike by the Maple Heights Teachers Association has been in progress for eight (8) days and it is essential to this community that both the teachers and the boys and girls of this school district return to a normal educational environment; and

" 'WHEREAS, the teachers will not return unless the Board reinstates a portion of certain teaching positions previously discontinued; and

" 'WHEREAS, the Board has been advised by its counsel and believes that such rehiring cannot lawfully be done without the execution of a fiscal certificate under Section 5705.412, Ohio Revised Code;

" 'Now THEREFORE, BE IT RESOLVED that this Board shall hereby reinstate the following teaching positions to the curriculum for the 1973-74 school year provided, however that no payment shall be required or made on contracts issued for said positions unless the Court of Common Pleas of Cuyahoga County determines that the certificate required by Section 5705.412, Ohio Revised Code, shall not be applicable to said contracts and need not be affixed thereto and provided further that, if the Court determines that such certificate is applicable to said contracts and must be attached thereto, that such contracts shall be null and void and of no effect whatsoever:

" '(1) Three elementary teachers for the continuous progress programs;

" '(2) One high school guidance counsellor position;

" '(3) Three art teaching positions for the elementary schools;

" ' (4) Two music teaching positions for the elementary schools;

" ' (5) Not more than three (3) kindergarten teaching positions, depending on actual kindergarten enrollment needs, for service in a reinstated kindergarten program, together with five kindergarten teachers previously anticipated to be reassigned to other positions in the school district.

" 'BE IT FURTHER RESOLVED That the firm of Squire, Sanders & Dempsey, as counsel for this Board, be and it hereby is instructed to file such proceedings as may be necessary to determine the legality of reinstating the teaching positions referred to hereinabove, it being understood by all parties concerned that the teachers will return to the classroom at once, and, further, that a determination by the Court that such reinstatement is not lawful will result in any contracts entered into pursuant to this resolution being rendered null and void.

" 'BE IT FURTHER RESOLVED that a copy of this resolution shall be attached to and made a part of any contract entered into under authority of this resolution.'

"Plaintiff Board of Education alleges that it has been advised by legal counsel and believes that contracts of employment to reinstate up to twelve previously discontinued teaching positions cannot be made without the execution of the certificate of financial resources required under Section 5705.412, Ohio Revised Code.

"Plaintiff further alleges that, under the terms of said statute, the president of the Board of Education, the Clerk-treasurer, the Superintendent of Schools, and any other officer or employee of the School District *who knowingly authorizes* or executes any contract, or authorizes the expenditure of funds therefor, without the certificate required by Section 5705.412, Ohio Revised Code, being attached thereto, is personally liable for the full amount paid on any such contract.

"Defendants admit that a strike began on May 10, 1973, and admit that the Plaintiff Board entered into a Memorandum of Understanding with Defendant Maple

Heights Teachers Association, and that the Memorandum of Understanding is Plaintiff's Appendix A.'"[1]

Briefs in support of their respective views have been filed by the parties. Upon careful consideration thereof the court answers plaintiff's initial question with the word "No" for reasons hereinafter stated.

It is the view of defendants (the association as an entity and individual teachers holding offices or positions of status in the association) that R. C. 5705.412 expressly excludes teachers' contracts from its requirements and, therefore, does not apply in this case. They argue that said section begins: " '*Notwithstanding Section 5705.41* of the Revised Code, no school district shall make *any contract, give any order involving the expenditure of money, or increase during any school year any wage or salary schedule* unless there is attached thereto a certificate * * *' " (emphasis theirs), but that the foregoing requirements are inapplicable to the case at bar because R. C. 5705.412 provides express exceptions in its last paragraph as follows:

---

[1]The text of the "Appendix A" referred to is as follows:
"MEMORANDUM OF UNDERSTANDING
"May 21, 1973

"In consideration of the teachers of the Maple Heights City School District returning to the duties of their employment on May 22, 1973, the Board of Education and the Teachers' Association entered into this Memorandum of Understanding as follows:

"A. The Board of Education will adopt the resolution attached hereto and made a part hereof at its meeting on the night of May 21, 1973, to restore educational programs relating to kindergarten, continuous progress, elementary art, elementary music, and high school guidance, to the extent provided for in said resolution.

"B. The Board of Education will not be required to reinstate the following previously discontinued positions:

"(1) Two English and one social studies teaching positions in the junior high schools;

"(2) One high school physical education teaching position;

"(3) One elementary physical education teaching position;

"(4) One certified librarian position in the elementary schools;

"(5) One assistant principal position in the high school;

"(6) Eight library aide positions in the elementary and secondary schools;

"(7) One music-teaching position in the elementary schools."

" 'This section *does not require* the attachment of an *additional certificate beyond that required by Section* 5705.41 of the Revised Code *for any* purchase order, for current payrolls of, or *contracts of employment with,* regular employees or officers.' " [Emphasis theirs.]

Defendants further state that: " 'A consideration of this language [Section 5705.41(D), Revised Code] together with the entire provisions of the Act discloses that it was the intention of the legislature that the term "contract" as used in that section should not be applied to the contract of employment of the regular employees and officers who were paid by current payrolls. Therefore, even though the teachers are employed by contract as specifically provided for by law, they are placed in the same class as other employees and the provision that the money be appropriated before the contract is entered into has no more application to teachers than it has to other employees. * * *' 1927 OAG No. 1261, at p. 2261."

This view seems to possess the fascination of simple plausibility but it cannot stand rigorous analysis. The first words, "notwithstanding Section 5705.41," must mean "without prevention or obstruction from or by; in spite of" Section 5705.41. See *State, ex rel. Morse,* v. *Christianson* (1952), 262 Wis. 262, 55 N. W. 2d 20, cited and approved at page 422 in *State, ex rel. Carmean,* v. *Bd. of Edn. of Hardin County* (1960), 170 Ohio St. 415, 165 N. E. 2d 918. Consequently, as seen from the latter case, the provisions of R. C. 5705.412 take precedence over any contained in R. C. 5705.41.

Moreover, the final paragraph of R. C. 5705.412 is to the effect that if, under the provisions of R. C. 5705.41, a certificate is required and issued by the fiscal officer of the school district in respect to future monetary expenditure "* * * that the amount required to meet the same, or in the case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made, has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the

credit of an appropriate fund free from any previous encumbrances. * * *'' R. C. 5705.412 does not require any *additional* certificate. This must mean that as to any certificate specifically required by R. C. 5705.412, which is not required by R. C. 5705.41, the provisions of R. C. 5705.412 are mandatory and controlling. This certificate is the one required to be made by the clerk, president of the board, and superintendent, as set out in R. C. 5705.412.

R. C. 5705.412, by its own terms, is clearly applicable to all "contracts" for the school year next ensuing (1973-1974), as distinguished from current contracts (1972-1973) all of which presumably were valid when previously made because a previous "certificate" accurately and properly made at the proper time was then in existence.

Placing the defendants' construction of R. C. 5705.412 upon the mentioned exception would ignore the reality that prior to April 30, 1973, there were 22 teachers with current contracts currently terminating with the end of the then current school year all of whom were, prior to that date, informed same would not be renewed as per R. C. 3319.11, for the year next ensuing. Also, such construction would nullify the purpose of the statute shown by its title as appearing in Page's Ohio Revised Code, to-wit: *Restriction upon school district expenditures; certification of adequate revenues; penalty.*

The parties agreeing that plaintiff's first claim for an injunction, as stated in the amended complaint is now moot, same is dismissed.

A judgment entry in agreement with these views is filed herewith.