BROWNFIELD, BOWEN, BALLY and STURTZ ET AL., APPELLANT, v. BOARD OF EDUCATION, APPELLEE.

(No. 352—Decided August 16, 1977.)

*Mr. George R. McCann,* for appellant.

*Mr. Henry S. Willard* and *Mr. Mark A. Foley,* for appellee.

GREY, J. This is an appeal from the Jackson County Court of Common Pleas. The record discloses the following facts: During the months preceeding January 1974, a labor dispute occurred involving the Wellston City School District. Due to difficulties in communications with the City Solicitor, the school board passed a resolution, drawn by plaintiff-appellant, retaining that law firm to aid in the representation of the Board in its difficulties with the union. The Resolution did not contain a request for nor did the Board ever obtain the statutorily required certification of funds. With the appellant law firm aiding in negotiations, the labor problem was resolved. A newly elected school board indicated that it would not pay appellant's bill submitted to it because of the lack of certification. Appellant sued to recover its fees for the legal services rendered to the school board. At the conclusion of appellant's presentation of its case, upon a motion the trial court directed a verdict for the school board. The court's judgment was based upon the lack of certification of funds as required by R. C. 5705.41 and 5705.412 and that an alternate theory of *quantum merit* was insufficient against a school board.

The plaintiff law firm appeals, assigning as error that: *"The trial court erred in granting Defendant-Appellee's motion for a directed verdict at the conclusion of Plaintiff-Appellants' case, for the reason that Plaintiff-Appellant established there-in a valid basis for recovery of its claims which was not precluded by fact or law."*

This assignment of error is not well taken. Ohio boards of education are purely creations of statute. Their authority to act is derived from and strictly limited to powers that are clearly and expressly granted to them by statute, or clearly therefrom implied by necessity. Their powers are strictly construed with any actions taken beyond the clear provisions of the law being void. 48 Ohio

Jurisprudence 2d 778, Schools, Section 80 and authorities cited therein.

R. C. 5705.41 and 5705.412 are quite specific. A school board shall not make a contract without attaching thereto a certificate of sufficient funding, and if a contract is made without such a certificate that contract is void and no warrant of payment will be issued. Without question, the board has no legally enforcible duty to pay appellant.

Appellant contends, however, that even though there is no legal duty to pay, the board has a moral obligation to do so.

The primary distinction between a legal and a moral obligation is the remedy. In a commonly held theory of jurisprudence, it is axiomatic that for every legal right there is a correlative duty, and that for every right there exists a corresponding remedy to enforce that right, to compel performance of that duty. The classic definition of a contract applies this axiom:

"A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law recognizes as a duty." Restatement, Contracts 1, Section 1 (1932); Williston on Contracts, Section 1 (3d ed. 1957). The maxim "Equity will not suffer a wrong to be without a remedy," emphasizes the point that where a court recognizes the rightfulness of a litigant's claim it will endeavor to find a remedy, a way to uphold and enforce that claim. In short, a right without a remedy is a nullity. A legal obligation therefore is one which, by definition, contains within it the recognized right of an obligee to enforce the duty owed to him.

A moral obligation then is a duty owing which cannot be enforced, one for which there is no legal remedy. The law recognizes that moral obligations may exist. The state of Ohio, through its legislature, has determined that public moneys may only be expended strictly in accordance with certain statutory procedures. A failure to comply with the statutes provides no remedy. The state of Ohio, however, has also determined that as a matter of public

policy, where, through inadvertance or mistake, there has been a failure to comply with statutory procedures, and where the benefit has been tendered and received, a moral obligation may be recognized.

In *State, ex rel. Caton*, v. *Anderson* (1953), 159 Ohio St. 159, a moral obligation has been defined as " 'a duty which would be enforceable at law were it not for some positive rule which exempts the party in that particular instance from legal liability,' " or as one " 'which cannot be enforced by action but which is binding on the party who incurs it in conscience and according to natural justice.' " (Page 163.)

The concept is based in fairness that a direct requested benefit should be compensated.

In order for a party to recover against the state or its agency based on the theory of moral obligation that party must prove (1) the existence of a moral obligation and (2) the subsequent recognition by the state or agency of that moral obligation. *State, ex rel. Tejan*, v. *Milby* (1953), 95 Ohio App. 285, *State, ex rel. Caton*, v. *Anderson, supra.*

While appellant has proved that a benefit was requested and provided to the Wellston School Board, it has not shown that the second element—the subsequent recognition of such moral obligation—necessary for recovery exists, but, rather, admits that it does not exist. In fact the school board denies any moral obligation, and refuses to recognize any claim by appellant. The trial court was correct in granting the directed verdict.

*Judgment affirmed.*

ABELE, P. J., and STEPHENSON, J., concur.