CADO BUSINESS SYSTEMS OF OHIO, INC., APPELLEE, *v.* BOARD OF EDUCATION OF THE CLEVELAND CITY SCHOOL DISTRICT, APPELLANT.

(No. 45033—Decided March 24, 1983.)

*Mr. Paul A. Tscholl,* for appellee.
*Ms. Mary A. Lentz,* for appellant.

CORRIGAN, J. The appellant, the Cleveland Board of Education, appeals from the jury's award of $19,950.90 to the appellee, CADO Business Systems of Ohio, Inc.

On June 12, 1980, the Cleveland Board of Education adopted a resolution approving the purchase of CADO word processing equipment from the appellee. The purchase was proposed to the board by Mr. Campbell, who, at that time, was Director of Management and Budget. After the meeting, Campbell called CADO and indicated to it that the purchase had been approved and the delivery should be expedited. CADO then prepared a requisition form in the sum of $133,000 that was signed by the Director of Purchasing, Mr. Dillard. The Treasurer of the school board, Mr. Yacobian, signed a certificate, as required by statute, stating that appropriated unencumbered funds were available for this expenditure.

In August the Business Manager for the Cleveland Board of Education learned of the contract and determined that the equipment would not meet the educational needs of the school district. He directed one of his buyers to cancel the contract with CADO. On September 4, 1980, the Cleveland Board of Education enacted a resolution to rescind the purchase.

The appellee sued the school board for breach of contract. The jury awarded the appellee $19,950.90 in damages. In this appeal the appellant raises the following assignments of error:

"I. A vendor or contractor who does business with a public body is bound to

know the extent of the authority of any public employee employed by the public body. A government entity is not bound by an act of its employees unless the employees are acting within the scope of their authority.

"II. Any contract or purchase order of a public board of education in Ohio is *void ab initio* if a fiscal certificate required by Section 5705.412 of the Ohio Revised Code is not attached. The trial court erroneously ruled that a valid public contract existed and erroneously instructed the jury to consider solely the issue of damages."

Basic to any resolution of the issues argued at length in this case is an understanding of the meaning and effect of the two principal statutes involved, R.C. 5705.41 and 5705.412. The most significant language of each statute reads as follows:

R.C. 5705.41:

"No subdivision or taxing unit shall:

"* * *

"(B) Make any expenditures of money unless it has been appropriated as provided in such chapter [R.C. Chapter 5705];

"* * *

"(D) * * *[M]ake any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision * * *. Every such contract made without such a certificate shall be void and no warrant shall issue in payment * * *."

R.C. 5705.412:

"Notwithstanding section 5705.41 of the Revised Code, no school district shall * * * make any contract, give any order involving the expenditure of money * * * unless there is attached thereto a certificate signed by the treasurer and the president of the board of education and the superintendent * * *.

"* * *

"This section does not require the attachment of an additional certificate beyond that required by section 5705.41 of the Revised Code for any purchase order * * * or contracts of employment with, regular employees or officers."

From a reading of only the quoted language, it is evident that R.C. 5705.41 is a general provision applicable to any subdivision or taxing unit, as opposed to R.C. 5705.412, which specifically refers to school districts. The first statute calls for one signature, while the second statute mandates three signatures on the required certificates. Applying the general rule that the specific statute prevails over the general, however, does not simplify the problem, because of the sentence near the end of R.C. 5705.412 that provides that that section does not require the attachment of an additional certificate beyond that required by R.C. 5705.41 "for any purchase order, for current payrolls of, or contracts of employment with, regular employees or officers." Does this language nullify the requirement for three signatures as opposed to the one signature, only on purchase orders, current payrolls, and contracts with regular employees and officers; and further, stating it another way, does every contract, regardless of cost or content, which can be treated as a purchase order require only the single signature of the fiscal officer? These queries prompt yet another question as to whether or not the board of education can choose between the two statutes to suit its convenience?

In its first assignment of error, the appellant asserts there was never a valid contract between the appellant and the appellee because the employees who signed the contract for the school district did not have the power to enter into the contract. The appellant argues that since the employees were acting outside their authority the school board is not bound by their actions. The school board is correct when it states that the law in Ohio is that an unauthorized employee of the board cannot bind the board to a contract. See R.C. 1701.13(H). Therefore, the first

issue here is whether the employee who signed the purchase order with CADO was authorized to do so.

R.C. 3319.04 provides that the business manager shall "purchase and have custody of all supplies and equipment authorized by the board * * * and shall prepare and execute all contracts necessary in carrying out this section." It is clear that in this case the business manager did not approve this contract and the arrangements with CADO were made by Campbell serving as Director of Management and Budget, who had no authority to negotiate contracts.

However, Section 158 of Chapter VI of the Administrative Code of the Cleveland City School District provides:

"There shall be a purchasing agent to whom the business manager shall assign the responsibility for all purchases of equipment, supplies and materials used in the schools of the district."

Dillard is the Director of Purchasing for the school board. The Business Manager, Mr. Mazzaro, testified that he has delegated to the Director of Purchasing and his buyers the responsibility to follow through on purchase orders approved by the board of education. The contract entered into with the appellee was signed by Dillard, as authorized by the Administrative Code of the school district. The Business Manager has assigned to him the responsibility for all purchases that the school board has approved. The trial judge concluded that since Dillard was authorized to sign the purchase order with CADO, a binding agreement resulted. The court proceeded to find that it was a valid contract as a matter of law and erroneously submitted only the question of damages to the jury. From the record and the extended dialogue between the trial court and counsel, it is evident that the court, while acknowledging the confusion surrounding the two statutes, opted to follow the provisions of R.C. 5705.41. The judge held in effect that purchase orders of the board are excluded from the more restrictive language of R.C. 5705.412.

In its second assignment of error, the appellant argues that the contract is *void ab initio* because the fiscal certificate required by R.C. 5705.412 was not attached to the contract. We find merit in this assignment.

Ohio boards of education are purely creations of statute. Their authority to act is derived from and strictly limited to that granted them by statute. *Brownfield, Bowen, Bally & Sturtz* v. *Bd. of Education* (1977), 56 Ohio App.2d 10 [10 O.O.3d 20]. As partially reproduced earlier, R.C. 5705.412 provides, in part:

"* * * [N]o school district shall adopt any appropriation measure, make any contract, give any order involving the expenditure of money, or increase during any school year any wage or salary schedule unless there is attached thereto a certificate signed by the treasurer and president of the board of education and the superintendent that the school district has in effect for the remainder of the fiscal year and the succeeding fiscal year the authorization to levy taxes including the renewal of existing levies which, when combined with the estimated revenue from all sources available to the district at the time of certification, are sufficient to provide the operating revenues necessary to enable the district to operate * * *."

In this case the certificate was signed only by the Treasurer. Neither the President of the board of education nor the Superintendent of the district signed the certificate. If a contract is made without the three signatures on the certificate, it is void and no alleged breach of contract can be maintained. *Bd. of Edn.* v. *Maple Heights Teachers Assn.* (1973), 41 Ohio Misc. 27 [70 O.O.2d 73]. We conclude that the contract between CADO and the appellant under the facts of this case is void and that final judgment should be entered for the appellant board of education.

Our conclusion that the specific provisions of R.C. 5705.412 apply, coming

without any further explanation, would do little to remove the confusion that has arisen over the application of the two statutes to school board transactions.

The powers granted by the legislature to local boards of education to meet local conditions require that the exercise of the power be reasonable. In allowing local boards under R.C. 3313.20 to make rules and regulations necessary for their government, it recognized that in order to expedite the volume of business in a large school district the business manager might delegate to a director of purchasing or a purchasing agent the responsibility for purchases of equipment, supplies and materials used in the district. Such delegation is for the purpose of handling the purchases required to operate the schools and clearly is not to be considered an abrogation of the duties enjoined upon the business manager in R.C. 3319.04 to "prepare and execute all contracts." In routine and regular purchase agreements, the board apparently prefers to follow the general statute, R.C. 5705.41, dealing with those expenditures of public funds because the procedure is less burdensome and requires only the signature of one fiscal officer.

In the instant case the board had approved the purchase, Dillard was authorized to sign, and Yacobian properly affixed the signature of the one fiscal officer required under R.C. 5705.41. Two months later the Business Manager challenged the action, claiming he knew nothing about the purchase order, the equipment did not meet the required needs, and the transaction was void because the three signatures required under R.C. 5704.412, dealing specifically with school districts, were not obtained. In effect the Business Manager argues he can authorize the Director of Purchasing to bind the board on a purchase properly processed under R.C. 5705.41, but he reserves the right to countermand the action and ask the board to rescind the contract on the grounds that the requirements of R.C. 5705.412

were not met. Such a procedure, while serving the convenience of the board in its business transactions, produces confusion and leaves the agreement of the suppliers, vendors and contractors in a tenuous position subject to the Business Manager invoking the specific statute and rejecting the purchase.

On the other hand, the suppliers, vendors and contractors doing business with public bodies, boards or corporations should be aware of the statutes governing the expenditure of public funds. In particular, when dealing with boards of education, they should realize the specifics of R.C. 5705.412 and the attendant risks of relying on the one signature provision of R.C. 5705.41. *McCloud & Geigle* v. *Columbus* (1896), 54 Ohio St. 439, at pages 452-453, makes the point, as follows:

"We think there is no hardship in requiring them, and all other parties who undertake to deal with a municipal body in respect of public improvements, to investigate the subject and ascertain at their peril whether the preliminary steps leading up to [the] contract and prescribed by statute have been taken. No high degree of vigilance is required of persons thus situated to learn the facts. They are dealing with public agencies whose powers are defined by law, and whose acts are public transactions, and they should be charged with knowledge of both. If the preliminary steps necessary to legalize a contract, have not been taken, they can withdraw from the transaction altogether, or delay until the steps are taken. * * *

"An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit." (Citations omitted.)

It is axiomatic in statutory construc-

tion that words are not inserted into an act without some purpose. *State, ex rel. Carmean,* v. *Bd. of Edn.* (1960), 170 Ohio St. 415 [11 O.O.2d 162]. To apply appellee's interpretation of the meaning of the language in R.C. 5705.412 would permit all purchase contracts by the board to be made under R.C. 5705.41 and would completely nullify the total force and effect of the lengthy statute spelling out the responsibilities of the treausurer and the president of the board of education and the superintendent of the district. Clearly, it was the legislative intent that R.C. 5705.412 should take precedence over R.C. 5705.41 and hold school officials to a higher degree of responsibility in expending public funds than other public officials. Confusion ensues and problems arise only because of the board's liberal interpretation of its powers and the questionable practice of using whichever of the two statutes suits its convenience.

The instant transaction did not involve a routine purchase. It called for the expenditure of at least $133,000 for three new business machines. Questions existed as to proper interfacing with other equipment and possible additional cost. Appellee was familiar with established purchasing procedure, knew that the Business Manager who is charged with "execut[ing] all contracts" for the board was not involved, and that it submitted the purchase order after a notification from the Director of Management and Budget. Although appellee secured the signatures of the Director of Purchasing and the Treasurer on that one page purchase order, it cannot rely on any ambiguity in the law or the board's practice to hold the taxpayers liable for damages.

It is the responsibility of the judiciary to place a strict construction on specific statutory provisions designed by the legislature to safeguard public funds. It is the responsibility of boards of education that if they intend to avail themselves of both the general provisions of R.C. 5705.41 as well as the specific provisions of R.C. 5705.412, that they clearly delineate the types of transactions to be handled under each statute respectively. Suppliers, vendors and contractors dealing with boards of education should realize that public policy demands that to bind the state, the county, school districts or any political subdivision for supplies of any kind the purchase agreement must be in substantial conformity with the statutes on the subject, and that contracts made in violation or disregard of such statutes are void, not merely voidable, and, finally, that courts will not lend their aid to enforce such contracts, directly or indirectly, but will leave the parties, where they have placed themselves. *Buchanan Bridge Co.* v. *Campbell* (1899), 60 Ohio St. 406.

The judgment of the trial court is reversed and final judgment is entered for the appellant.

*Judgment reversed.*

DAY, P.J., and JACKSON, J., concur.