**Lowell D. REGSTAD and R.A. (Tony) Kost, Plaintiffs and Appellees,**

v.

**Edward H. STEFFES, Steffes Farm Group, a partnership, Adolph Henke and Frances Henke, Defendants and Appellants.**

**STEFFES FARM GROUP, a partnership, and Edward H. Steffes, Individually, Third–Party Plaintiffs and Appellants,**

v.

**The CITY OF FARGO, a municipal corporation, and the County of Cass, a municipal corporation, Third–Party Defendants and Appellees.**

Civ. No. 890108.

Supreme Court of North Dakota.

Nov. 20, 1989.

---

Nilles, Hansen & Davies, Ltd., Fargo, for plaintiffs and appellees; argued by Daniel J. Crothers, Fargo.

Garaas Law Firm, Fargo, for defendants, third-party plaintiffs, and appellants; argued by David A. Garaas, Fargo.

Garylle B. Stewart, Asst. City Atty., Fargo, for third-party defendant and appellee City of Fargo.

Robert Garold Hoy, State's Atty., Fargo, for third-party defendant and appellee, Cass County.

GIERKE, Justice.

Edward H. Steffes, Steffes Farm Group, Adolph Henke, and Frances Henke [collectively referred to as Steffes] appeal from a partial summary judgment quieting title to certain tax-forfeited land in Lowell D. Regstad and R.A. Kost [collectively referred to as Regstad]. We affirm.

Steffes is the former owner of lots in Fargo to which Cass County acquired title by tax deeds. In a letter dated January 23, 1987, Cass County informed Fargo:

"You may purchase these lots for $1.00 per lot. Please send a letter authorizing us to cancel all special assessments on the property if you do wish to purchase these lots...."

"There will be a 30–day waiting period before we can issue you a deed as the County Auditor is required to give notice to the former owner."

In a letter dated February 18, 1987, Fargo informed Cass County that it wished to purchase the lots, to "[p]lease cancel all 1986 and prior year special assessments" on the parcels, and that "[w]e have sent a check for $592.00 to the County Treasurer for the $1.00 purchase price plus $7.00 recording fee for each parcel." The Cass County Auditor then notified Steffes of a 30–day period within which to redeem by paying the delinquent taxes, penalties, and interest. Steffes did not redeem.

County deeds to the lots were received by Fargo and were recorded between March 26 and April 7, 1987. Fargo publicly advertised the lots for sale on April 26 and 29 and requested sealed proposals by May 4, 1987. Regstad subsequently purchased the lots from Fargo for $63,500 and received a quitclaim deed to the property on May 18, 1987.

Regstad then sued Steffes to quiet title to the property. Steffes answered the complaint and filed a third-party complaint against Fargo and Cass County for damages if Regstad succeeded in the quiet title action. Fargo and Cass County answered the third-party complaint and Fargo counterclaimed against Steffes seeking indemni-

fication for damages resulting from non-payment of the special assessments.

The trial court granted Regstad's motion for summary judgment quieting title to the property in Regstad; granted summary judgment in favor of Fargo and Cass County on the third-party action; and denied Steffes' motion for summary judgment on Fargo's counterclaim, concluding that there were genuine issues as to material facts. We dismissed the first appeal which followed entry of the partial summary judgment because Fargo's counterclaim against Steffes remained pending and no order comporting with Rule 54(b), N.D.R.Civ.P., had been entered. *See Regstad v. Steffes,* 433 N.W.2d 202 (N.D.1988). After the appeal was dismissed, Regstad sought a Rule 54(b) order from the trial court. Following a hearing on the motion, the trial court determined that there was no just reason for delay and certified the partial summary judgment as a final judgment. Steffes now appeals from the partial summary judgment.

Steffes essentially asserts that defects occurred in the tax-forfeiture process through which Fargo obtained title to the property. Steffes has raised a number of issues regarding the interpretation of §§ 57–28–17,[1] 57–28–18,[2] 57–28–19,[3] and 57–28–19.1,[4] N.D.C.C., which deal with the

1. "*57–28–17. Sale between annual sales.* All parcels of real estate not sold at the annual November sale may be sold by the county auditor at private sale at any time before the next annual November sale, but no sale shall be made by the county auditor at a price less than the minimum sale price fixed prior to the November sale....

"Notwithstanding the provisions of this section or other provisions of law, any such parcel of real estate that is subject to a special assessment lien for improvements made by a city may be sold between annual sales by the county auditor for cash to the city at whatever price less than the minimum sales price that is agreed upon by the board of county commissioners and the governing body of the city."

2. "*57–28–18. Terms of private sale and redemption and distribution of proceeds.* Any private sale of real property made between the annual November sales shall be made upon the same terms and conditions as a sale is authorized to be made at the November sale, ... and if such property is sold at private sale to any person other than the former owner, ... such sale shall be held in abeyance for a period of thirty days from the date of notice to the former owner, ... during which time the former owner, ... may make redemption by payment in full of the delinquent taxes, penalty, and interest charged against such real estate or the proposed sale price, whichever may be the lesser...."

3. "*57–28–19. Rights of former owner to repurchase.* The former owner, the executor or administrator, or any member of the immediate family, shall have the right to repurchase all real estate forfeited to the county under tax deed proceedings, so long as the tax title thereto remains in the county. However, in the event any city or town has theretofore made a special assessment for public improvements against any such tract, piece, or parcel of land, which special assessment has become delinquent and remains unpaid, such city or town shall have a right to purchase for cash, at the appraised value, prior to that of the former owner.... The purchase by a former owner may be for cash or upon contract for deed.... The consideration of such contract shall include:

"1. The total amount required to be paid in the notice to effect a redemption.
"2. The total amount of all subsequent taxes with interest, penalties, and costs.
"If the fair market value of such property at the time of the repurchase thereof is less than the amount to be paid to effect a redemption, together with all subsequent taxes, interest, penalties, and costs, the board shall fix a fair and just sale price for such property, ...."

4. "*57–28–19.1. Real estate sold to city to be marketable.* Where any city has purchased real estate pursuant to section 57–28–17 or 57–28–19 the city shall be deemed to have marketable record title to such property if all of the following apply:

"1. The county deed conveying the property has been recorded.
"2. The city has entered into possession of the property.
"3. No lis pendens giving notice of the pendency of an action challenging the validity of tax proceedings or of the deed has been recorded within three months of the date on which the city entered into possession of the property, or on July 1, 1985, whichever is later.
"A subsequent conveyance of the property by the city shall convey title free of any claims based on any defects in the process of tax title acquisition by the county through which the city obtained title to the property. A claimant who would be entitled to some claim on the property because of a defect in the process by which the city obtained title thereto shall, when the title of the city is deemed marketable under this section, have instead the right to recover from the city the net value of that claim, subject to the statutory restrictions on claims against a city.

disposition of tax-forfeited land acquired by a county.

■ Regstad initially contends that Steffes does not have standing to challenge Regstad's title to the property. However, as the former owner of tax-forfeited property, Steffes has standing to challenge a tax-based title by asserting a statutory right to redeem or repurchase the property. *Duchscherer v. Aanerud*, 216 N.W.2d 279, 281–282 (N.D.1974); *Remmich v. Wagner*, 77 N.D. 120, 41 N.W.2d 170, 174 (1950).

Regstad asserts, and the trial court held, that even if Cass County's sale of the property to Fargo were defective, Regstad is entitled to summary judgment under the marketable record title provisions of § 57–28–19.1 because the county deeds were recorded, Fargo entered into possession, and no lis pendens was recorded within three months of the city entering into possession of the property. Although Fargo did not show possession of record by affidavit or possess the property for three months before selling it to Regstad, the trial court concluded that the city "showed possession when the deeds were filed and further evidenced possession by the announcements of sale," and that § 57–28–19.1 did not impose a three-month-possession requirement. We disagree with the trial court's interpretation of the statute.

■ Section 57–28–19.1 is patently ambiguous. We believe, however, that it must be construed to impose a requirement that the city possess real property purchased pursuant to § 57–28–17 or § 57–28–19 for a period of three months before it may be deemed to have marketable record title. The statute deals with "marketable *record* title." [Emphasis added]. Thus, a city's entry into possession must be shown of record, which requires the recording of a document indicating entry into possession. The statute provides

> For the purpose of this section, the fact of possession by the city may be shown of record by one or more affidavits which contain the legal description of the real estate and show that the city entered into possession of the property and continued such possession for three months

that "the fact of possession by the city may be shown of record by one or more affidavits which ... show that the city entered into possession of the property and continued such possession for three months or longer." To construe the statute without a three-month-possession requirement would render the words "continued such possession for three months or longer" ineffective surplusage. There is a presumption that "[t]he entire statute is intended to be effective." Section 1–02–38, N.D.C.C. As we said in *County of Stutsman v. State Historical Society*, 371 N.W.2d 321, 325 (N.D.1985):

> "All sections of a statute must be construed to have meaning because the law neither does nor requires idle acts. Section 31–11–05(23), N.D.C.C.; *State v. Nordquist*, 309 N.W.2d 109 (N.D.1981). In short, we are guided by the common-sense principle that a statute is to be read to give effect to each of its provisions, whenever fairly possible."

We therefore conclude that for a city to have marketable record title to real estate purchased pursuant to § 57–28–17 or § 57–28–19, the county deed conveying the property must be recorded, the city must enter into possession of the property and continue such possession for three months or longer, and there must be no lis pendens recorded within three months of the date on which the city entered possession.

■ Although we believe the trial court erroneously interpreted § 57–28–19.1, the partial summary judgment is nevertheless sustainable because the trial court correctly determined that, as a matter of law, Steffes had no right to repurchase the property.

In its memorandum opinion, the trial court determined that the former owner of tax-forfeited real estate subject to special assessment liens sold under § 57–28–17, N.D.C.C., has no redemption or repurchase rights:

> or longer. The posting on the property of a sign or notice, legible from the street adjacent to the property, indicating the property is owned or for sale by the city shall be deemed an act of possession by the city, but shall not be required."

"The Court must first determine whether the sale was pursuant to either Section 57–28–17 or 57–28–19. In this case the real estate was subject to a special assessment lien for improvements made by the city. Section 58[sic]–28–17 provides that:

"Notwithstanding the provisions of this section or other provisions of law, any such parcel of real estate that is subject to a special assessment lien for improvements made by a city may be sold between annual sales by the county Auditor for cash to the city at whatever price less than the minimum sales price that is agreed upon by the board of county commissioners and the governing body of the city.

"Because the real estate in question was subject to a special assessment lien this section applies and not section 57–28–19 NDCC. Pursuant to section 57–28–17 NDCC Defendants had no right to repurchase beyond their redemption rights which had expired prior to the time of sale to the city."

Relying on § 1–02–07, N.D.C.C., Regstad, Cass County and Fargo argue that § 57–28–17 is a special provision relating to dispositions of real estate subject to special assessments and must prevail over the general provisions of §§ 57–28–18 and 57–28–19. We agree.

Section 57–28–17, N.D.C.C., specifically provides that the sale by the county to the city may be "at whatever price ... agreed upon" between the county and the city, "notwithstanding the provisions of this section or other provisions of law." Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears. Section 1–02–02, N.D.C.C.; *Wills v. Schroeder Aviation, Inc.*, 390 N.W.2d 544, 545 (N.D.1986). The word "notwithstanding," which begins the statutory clause, connotes opposition to, and not compatibility with, other statutes. *See Theodore Roosevelt Agency v. General Motors Acceptance Corp.*, 156 Colo. 237, 398 P.2d 965, 966 (1965). The phrase "notwithstanding ... other provisions of law" makes the rules embodied in the statute "sui generis" and controlling over other statutory law. *See Dover v. Dover*, 15 Cal.App.3d 675, 93 Cal.Rptr. 384, 385 n. 3 (1971); *Board of Education v. Maple Heights Teachers Ass'n*, 41 Ohio Misc. 27, 322 N.E.2d 154, 157 (1973). This specific language in the statute thus renders the general provisions of §§ 57–28–18 and 57–28–19, N.D.C.C., inapplicable to sales conducted under § 57–28–17, N.D.C.C. Therefore, we conclude that the trial court did not err in determining as a matter of law that Steffes had no right to repurchase the property.

Our conclusion that Steffes has no repurchase rights renders it unnecessary to address the other issues raised by the parties. Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and LEVINE, JJ., concur.