DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants Wausau Insurance Companies, Wausau Business Insurance Company, Nationwide Insurance Enterprise, and Nationwide Insurance Companies appeal the judgment of the Pickaway County Court of Common Pleas, which denied appellants' motion for summary judgment and granted Plaintiffs-Appellees Tyler, Thomas, and Jacqueline Congrove's motion for summary judgment. Appellants assert that the trial court erred by relying on the Supreme Court of Ohio's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, in determining that appellees were insureds under an insurance policy issued by appellants to the Logan Elm Local School District.
 {¶ 2} For the reasons that follow, we disagree with appellants and affirm the well-reasoned judgment of the trial court.
 The Trial Court Proceedings {¶ 3} On January 12, 1998, Plaintiff-Appellee Tyler Congrove, a minor, was injured in an automobile accident. Tyler was a passenger in a motor vehicle driven by his mother, Plaintiff-Appellee Jacqueline Congrove. The accident occurred when Jennifer Speakman negligently turned left in front of Congrove's vehicle, causing a collision. Brad Cotton owned the vehicle driven by Speakman.
 {¶ 4} At the time of the accident, Plaintiff-Appellee Thomas Congrove, who was not a passenger in his wife's vehicle, was employed by the Logan Elm Local School District (Logan Elm). Logan Elm had in effect an insurance policy that provided uninsured/underinsured motorists (UM/UIM) coverage, issued to them by Defendant-Appellant Wausau Business Insurance Company.
 {¶ 5} Jacqueline Congrove was employed by the Circleville City Schools, at the time of the accident. Circleville City Schools had in effect at that time, an insurance policy issued to it by Republic-Franklin Insurance Company (Republic).
 {¶ 6} Appellees filed a complaint asserting claims of negligence, negligent entrustment, and recklessness against Speakman and Cotton.
 {¶ 7} Additionally, pursuant to the Supreme Court of Ohio's decision in Scott-Pontzer, appellees sought UM/UIM coverage under the policies issued by appellant[1] and Republic to their respective school boards. Appellees also sought UM/UIM coverage under their homeowner's insurance policy issued by State Farm Fire and Casualty Company (State Farm Home) and their automobile policy issued by State Farm Mutual Automobile Insurance Company (State Farm Auto). Finally, appellees sought UM/UIM coverage from "John Doe Insurance Companies."
 {¶ 8} The defendants to appellees' complaint filed their answers. Appellant, however, also asserted a declaratory judgment counterclaim asking the court to declare that appellees were not entitled to UM/UIM coverage under the policy issued to Logan Elm. Appellant also brought a third-party complaint against the DaimlerChrysler Corporation, the manufacturer of appellees' vehicle.
 {¶ 9} Subsequently, appellant filed a motion for summary judgment. Wausau asserted that appellees were not entitled to UM/UIM coverage under the policy it issued to Logan Elm because the school board lacked the authority to purchase the coverage sought. Accordingly, appellant asserted that Scott-Pontzer did not apply because the entity to whom the policy was issued was not a private corporation but a statutorily-created school board.
 {¶ 10} Likewise, appellees filed a motion for summary judgment arguing that they were entitled to UM/UIM coverage under the policies issued by appellant and Republic to their respective school boards. Appellees also asserted that they were entitled to UM/UIM coverage under their homeowner's policy issued by State Farm Home.
 {¶ 11} The parties filed several responses and replies to the motions for summary judgment.
 {¶ 12} Subsequently, State Farm Auto filed a motion for leave to file a motion for summary judgment, which the trial court granted. But, before the motion for summary judgment was filed, appellees filed a motion to dismiss State Farm Auto without prejudice pursuant to Civ.R. 41(A). The trial court granted appellees' motion to dismiss State Farm Auto.
 {¶ 13} In October 2000, the trial court denied Wausau's motion for summary judgment. The trial court, however, partially granted appellees' motion on the issue of UM/UIM coverage under the school board policies issued by Wausau and Republic, finding appellees to be insureds under those policies. Finally, the trial court stayed its decision regarding UM/UIM coverage pursuant to appellees' homeowner's policy issued by State Farm Home until the Supreme Court of Ohio ruled on that particular issue, which was pending before it.
 {¶ 14} Subsequently, appellees settled their claims against Speakman and Cotton, who were dismissed from the action with prejudice. Appellees also dismissed State Farm Home from the action without prejudice pursuant to Civ.R. 41(A), and settled with Republic, dismissing it from the action. DaimlerChrysler was also dismissed from the action pursuant to Civ.R. 41(A).
 {¶ 15} Finally, appellant and appellees stipulated to the damages payable to appellees by appellant. The "John Doe Insurance Companies" were also dismissed from the action, thereby resolving all claims presented to the trial court.
 The Appeal {¶ 16} Appellant timely filed a notice of appeal and presents the following assignment of error for our review: "The trial court erred to the prejudice of Defendants-Appellants Wausau Insurance Companies, Wausau Business Insurance Company, Nationwide Insurance Enterprise, and Nationwide Insurance Companies in denying their motion for summary judgment and in granting Plaintiffs-Appellees' motion for summary judgment."
 I. Summary Judgment {¶ 17} We conduct a de novo review of a trial court's decision to grant summary judgment pursuant to Civ.R. 56. Renner v. Derin AcquisitionCorp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has established the test to be employed when making a determination regarding a motion for summary judgment.
 {¶ 18} "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129 (citations omitted).
 {¶ 19} Therefore, upon review, we give no deference to the judgment of the trial court. See Renner, supra.
 II. Scott-Pontzer and its Progeny {¶ 20} Our analysis begins with a discussion of the Supreme Court of Ohio's decision in Scott-Pontzer.
 {¶ 21} In Scott-Pontzer, the plaintiff sued the insurance provider of her deceased husband's employer seeking UM/UIM coverage for damages arising from his wrongful death, which had occurred while the decedent was acting outside the scope of his employment and operating a motor vehicle owned by his wife. See Scott-Pontzer, 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116. The decedent's employer, to whom the policies in controversy were issued, was a private corporation, which the court determined could not, by itself, operate a motor vehicle or suffer bodily injury or death. See id. at 664.
 {¶ 22} Accordingly, when faced with the policies' definition of who was an insured under the policies, the court determined that the decedent was an insured under the UM/UIM coverage of his employer's insurance policies.[2]
 {¶ 23} In a subsequent case, Ezawa v. Yasuda Fire MarineIns. Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142, the Supreme Court of Ohio, relying exclusively on Scott-Pontzer, extended UM/UIM coverage to family members of a corporation's employees.[3]
 III. Scott-Pontzer's Application to Policies Held by School Boards {¶ 24} In the case sub judice, Wausau's policy at issue defined "insured" using the exact language as found in the policies addressed inScott-Pontzer.
 {¶ 25} However, appellant nonetheless asserts that Scott-Pontzer
is not applicable to policies issued to boards of education. Appellant argues that school boards have limited authority to enter into contractual agreements and a school board is not authorized to purchase UM/UIM coverage to cover employees involved in activities beyond the scope of their employment. Thus, appellant concludes that the school board could not have purchased the coverage needed in order for appellees' injuries to be covered by its UM/UIM insurance.
 {¶ 26} Appellant is correct in its assertion that school boards are statutory creatures with limited authority. "School boards are creations of statute and have no more authority than what has been conferred on them by statute or what is clearly implied therefrom." Wolfv. Cuyahoga Falls City School Dist. Bd. of Edn. (1990), 52 Ohio St.3d 222,223, 556 N.E.2d 511, citing Marion Local School Dist. Bd. of Edn. v.Marion Cty. Bd. of Edn. (1958), 167 Ohio St. 543, 545, 150 N.E.2d 407;CADO Business Systems of Ohio, Inc. v. Cleveland City School Dist. Bd. ofEdn. (1983), 8 Ohio App.3d 385, 387, 457 N.E.2d 939.
 {¶ 27} Appellant relies on R.C. 9.83, 3327.09, and 3313.201 as authority for its position that Scott-Pontzer does not apply in the case sub judice.
 {¶ 28} R.C. 9.83 provides that, "any political subdivision may procure a policy or policies of insurance insuring its officers and employees against liability for injury, death, or loss to person or property that arises out of the operation of an automobile * * * by the officers or employees while engaged in the course of their employment or official responsibilities for the state or the political subdivision." (Emphasis added.) R.C. 9.83.
 {¶ 29} It is apparent from the plain meaning of R.C. 9.83 that it is not applicable in the case sub judice. R.C. 9.83 only concerns the purchase of liability insurance to protect a political subdivision's (i.e., school board's) employees from liability for injuries occurring from the operation of a vehicle during the scope of their employment. The case sub judice does not involve the purchase of liability insurance, the liability of a school board employee, nor the vicarious liability of the school board. UM/UIM coverage is distinct and separate from liability insurance.
 {¶ 30} R.C. 3327.09 provides in part that, "The board of education of each school district shall procure for the benefit of its employees who operate a school bus, motor van, or other vehicle used in the transportation of school children motor vehicle liability insurance for injuries to persons and property." (Emphasis added.) R.C. 3327.09. Appellant points out that this section does not require the purchase of UM/UIM coverage.
 {¶ 31} Nevertheless, this section also is irrelevant to our discussion. R.C. 3327.09 merely requires a school board to purchase liability insurance and does not reference UM/UIM coverage, which is presently at issue.
 {¶ 32} Like R.C. 3327.09, R.C. 3313.201 requires a school board to purchase liability insurance to cover damages and injuries caused by employees, officers, and students arising from, among other things, the operation of a motor vehicle. Further, R.C. 3313.201 provides that a board of education may supplement its insurance policy or policies with UM/UIM coverage. However, appellant asserts that even though a school board may purchase UM/UIM coverage for its employees, that coverage is limited to injuries and damages occurring during the scope of their employment.
 {¶ 33} The above statutes appear to grant school boards broad authority in the purchase of liability insurance and UM/UIM coverage.
 {¶ 34} In an opinion by the Attorney General of Ohio, cited by the parties, it was concluded that "a board of education may grant fringe benefits to its employees as part of their compensation" and that "pursuant to its power to fix compensation, a board of education may provide uninsured motorist coverage for its employees." 1982 Ohio Atty.Gen.Ops. No. 037, at 2-111.
 {¶ 35} In Wausau Business Ins. Co. v. Chidester (May 11, 2001), S.D.Ohio No. C-2-00-297, unreported, the court was faced with a factual scenario very similar to the one sub judice. In addressing the same issue presented to this Court, it reasoned as follows: "Even assuming that the [school board] lacks the statutory authority to purchase insurance coverage for accidents occurring outside the scope of employment, Wausau is nevertheless accountable for the language in the policy it drafted." Id.
 {¶ 36} The issue, as framed by the court, was not whether the school board was authorized to purchase the insurance coverage as found in the policy, but whether the insurance company was obligated "to provide coverage * * * under that policy" as purchased. See id. TheChidester Court held that Scott-Pontzer was applicable and that the school board employee in Chidester was an insured under the policy in question. See id.
 {¶ 37} The Chidester holding has been followed in several other federal cases. See Morgenstern v. Nationwide Ins. Cos. (Sept. 18, 2001), S.D.Ohio No. C2-00-1284, unreported; Henry v. Wausau Business Ins.
(Sept. 27, 2001), S.D.Ohio No. C-1-00-642, unreported.[4]
 {¶ 38} Similarly, in Mizen v. Utica Natl. Ins. Group,147 Ohio App.3d 274, 770 N.E.2d 97, 2002-Ohio-37, the Eighth District Court of Appeals has addressed comparable arguments concerning the applicability of Scott-Pontzer under comparable facts. The Mizen Court held that, "Because the law in Ohio does not clearly prohibit a school district from obtaining insurance for its employees who are acting outside the scope of their employment, we cannot conclude thatScott-Pontzer should not be applied to this case." Id., appeal not allowed 95 Ohio St.3d 1438, 766 N.E.2d 1003, 2002-Ohio-2084.
 {¶ 39} Likewise, in Allen v. Johnson, Ninth Dist. No. 01CA0046, 01CA0047, 2002-Ohio-3404, the Ninth District Court of Appeals reached the same conclusion as found in Mizen. The Allen Court determined that, "The school district's authority to purchase particular types of insurance has no bearing on determining the scope of UM/UIM coverage under the terms of the policies." See Allen v. Johnson, supra.
 {¶ 40} The Ninth District Court of Appeals concluded that an employee and that employee's family were "insureds" under the UM/UIM coverage of a policy issued to a school board, even for injuries sustained outside of the scope of the employee's employment. See id.
 Conclusion {¶ 41} We are convinced that the holdings set forth in Mizen
and Allen are correct in their applications of Scott-Pontzer andEzawa.
 {¶ 42} Accordingly, we find that appellees qualified as insureds under the UM/UIM coverage of the policies held by the school board. Thus, we overrule appellants' sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion with Opinion.
Harsha, J.: Concurs in Judgment Only.
[1] Appellees included as defendants several insurance companies affiliated with Wausau Business Insurance Company, namely, Wausau Insurance Company, Nationwide Insurance Enterprise, and Nationwide Insurance Company. However, of these listed companies, only Wausau Business Insurance Company issued a policy presently at issue.
[2] {¶ a} The policies at issue in Scott-Pontzer, contained the following language to define who was an insured.
{¶ b} "B. Who is an insured
{¶ c} "1. You.
{¶ d} "2. If you are an individual, any family member.
{¶ e} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction."
[3] As an aside, we note that the construction of the policies by the majority opinion in Scott-Pontzer and its progeny, may well strain the ordinary meaning of the policy language and thereby create coverage where the parties to the contract anticipated none. As Justice Lundberg Stratton so aptly stated in her dissent in Ezawa, "Pandora's Box continues to release its contents." See Ezawa v. Yasuda Fire MarineIns. Co. of Am., 86 Ohio St.3d 557, 559, 1999-Ohio-124, 715 N.E.2d 1142, (Lundberg Stratton, J., dissenting). We are, however, obligated to follow the controlling precedents issued by the Supreme Court of Ohio and we rule accordingly.
[4] We note that the holdings of these federal cases have been effectively overturned pursuant to Nationwide Agribusiness Ins. Co. v.Roshong, (July 9, 2002), C.A.6 No. 01-4009, unreported. Nevertheless, since we are not bound by this decision of the United States Sixth Circuit Court of Appeals, we choose to follow the holdings of Mizen v.Utica Natl. Ins. Group, 147 Ohio App.3d 274, 770 N.E.2d 97,2002-Ohio-37, and Allen v. Johnson, Ninth Dist. No. 01CA0046, 01CA0047,2002-Ohio-3404, which were issued by fellow Ohio Courts of Appeals.