CURRENT SOURCE, INC. et al., Appellants,

v.

ELYRIA CITY SCHOOL DISTRICT et al., Appellees.

[Cite as *Current Source, Inc. v. Elyria City School Dist.*, 157 Ohio App.3d 765, 2004-Ohio-3422.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 03CA008406.

Decided June 30, 2004.

David T. Andrews, for appellants.

John L. Keyse–Walker and Howard T. Lane, for appellees.

---

CARR, Presiding Judge.

{¶ 1} Appellants, Kenneth Bible and Current Source, Inc., appeal from the judgments of the Lorain County Court of Common Pleas, wherein it denied appellants' motion for leave to amend their complaint and granted summary judgment to appellees, Darrel Forbus, Elyria City School District, and the Elyria City School District Board of Education, as to appellants' fraud and promissory estoppel claims. This court affirms.

I

{¶ 2} Kenneth Bible is the sole owner of Current Source, Inc., a corporation that performs electrical engineering design and consulting services. Darrel Forbus was employed by the Elyria City School District ("the School District") as its business director at the time of the events disputed in this case. In the fall of 1998, the School District decided to submit a grant application for the "Power Up Technology Program" ("the Program"), a program in which the state of Ohio offered grants to school districts for the addition of electrical circuits to school buildings to integrate technology into classrooms. In order to prepare its application, the School District sought quotations for pricing from several potential vendors, including Current Source, Inc.

{¶ 3} On September 3, 1998, Forbus and Brian Allsop, Director of Data Services for the School District, met with Bible to discuss the possibility of appellants' performing survey work related to the Program. The meeting included a detailed explanation of what was necessary for the survey and that the state grant provided up to $1,200 per building as funding for the survey work. After Bible voiced concern as to whether the survey work could be performed at that price on some of the larger school buildings, it was agreed that Bible would review two buildings in order to decide whether he could complete the survey work on the school buildings for the amount available through the grant. Bible requested power-consumption information and access to the School District's buildings and was provided with the same from Forbus.

{¶ 4} A few weeks after their meeting with Bible, Forbus and Allsop held the same meeting with a representative from the engineering firm of Gideon, Frederick & Coe ("Gideon"). During that meeting, it was agreed that someone from Gideon would perform a limited survey of the school buildings and submit a proposal for the completion of the survey work to the School District.

{¶ 5} In early October 1998, Forbus and Bible had a phone conversation about the status of Bible's efforts. On October 15, 1998, Bible faxed an assessment report of the professional design services to be performed on one particular building to Forbus. In response to the fax, Forbus faxed a letter to Bible requesting his written proposal for the survey work for all the buildings. The letter specifically stated, "We have not awarded any contract to anyone at this point to proceed with the assessment," and asked Bible to forward his proposal so that appellees could make a decision as to a contractor for the job.

{¶ 6} Appellants submitted their written proposal for the survey work in the amount of $20,400, and Gideon submitted its written proposal for the survey work in the amount of $16,600. Based upon the proposals submitted, appellees chose Gideon to perform the survey work. Forbus notified Bible through a letter dated October 27, 1998, that appellees had awarded the contract to Gideon. Gideon completed the survey work prior to January 8, 1999, and the School District paid Gideon for the survey work on February 12, 1999.

{¶ 7} Appellants filed suit against appellees on February 2, 2001, alleging claims of fraud, intentional infliction of emotional distress, breach of obligation, promissory estoppel, and violation of public bidding laws. After appellees filed their answer in the case, appellants sought leave to file an amended complaint to add a cause of action for violation of R.C. 153.65 et seq., and the trial court denied the motion. Appellees later filed a motion for summary judgment, appellants responded in opposition, and on November 21, 2003, the trial court granted summary judgment in favor of appellees on all five of appellants' claims.

{¶ 8} Appellants timely appealed from both the trial court's order denying their request to file an amended complaint and its order granting summary judgment to appellees, but only as to appellants' claims of fraud and promissory estoppel. Appellants have presented this court with three assignments of error for review; we will review appellants' second and third assignments of error together for ease of discussion.

## II

### FIRST ASSIGNMENT OF ERROR

"The trial court abused its discretion when it denied plaintiffs' motion for leave to file an amended complaint to add a cause of action for violation of O.R.C. § 153.65 et seq."

{¶ 9} In their first assignment of error, appellants argue that the trial court abused its discretion when it denied their motion to file an amended complaint to add a cause of action for violation of R.C. 153.65 et seq. This court disagrees.

{¶ 10} Civ.R. 15(A) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party" when the opposing party has already filed its responsive pleading in the case. When a party files a motion for leave to file an amended pleading with the trial court, "[l]eave of court shall be freely given when justice so requires." Id. An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse-of-discretion standard. *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.

{¶ 11} In the instant case, appellants filed a motion seeking leave of court to file an amended complaint to add a cause of action for violation of R.C. 153.65 et seq., Ohio's Procurement of Professional Design Services Act. The trial court denied the motion, explaining in its journal entry that "the court finds that even if R.C. 153.65 would apply, and if plaintiffs were able to prove a violation, plaintiffs would be precluded from the recovery of damages." Upon thorough review of the record and the Design Services Act, this court agrees with the trial court that no private cause of action for money damages is available under the statute. Furthermore, the appellants have not presented this court with any case law that construes the Design Services Act to provide money damages as an available remedy to a professional design services contractor when a public authority fails to adhere to the requirements of the statute. Rather, Ohio case law states that a party's failure to adhere to the requirements of the Design Services Act renders a contract involving such services void. *Buchanan Bridge Co. v. Campbell* (1899), 60 Ohio St. 406, 54 N.E. 372; see, also, *Cuyahoga Cty. Bd. of Commrs. v. Richard L. Bowen & Assoc., Inc.*, 8th Dist. No. 81867, 2003-Ohio-3663, 2003 WL 21555080.

{¶ 12} The Ohio Supreme Court has found that the language of Civ.R. 15(A) provides "a liberal amendment policy" unless the deciding court determines that granting a party's amendment would result in bad faith, undue delay, or undue prejudice to the opposing party in the case. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 6, 12 OBR 1, 465 N.E.2d 377. The United States Supreme Court has held that leave of court should not be freely given when the futility of the amendment is apparent in the case and the trial court has made reference to that justifiable reason in its denial of the amendment request. *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222. Those were the facts of the instant case. In light of the applicable law and facts in this case, this court

cannot find that the trial court abused its discretion in denying appellants leave to amend their complaint. Appellants' first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment to defendants on plaintiffs' fraud claim."

## THIRD ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment to defendants on plaintiffs' estoppel claim."

{¶ 13} In their second and third assignments of error, appellants argue that the trial court erred in granting summary judgment in favor of appellees as to appellants' fraud and promissory estoppel claims. This court disagrees.

{¶ 14} Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 15} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

### Fraud Claim

{¶ 16} In their motion for summary judgment, appellees argued that appellants' claim of fraud is without merit because (1) no special relationship existed between Forbus and Bible from which Forbus would acquire a duty to disclose to

Bible the fact that he had not been awarded the survey work contract, and (2) appellants' reliance upon Forbus's alleged conduct of concealment as the business director of the School District was not justifiable.

{¶ 17} In order to establish a claim for fraud, a party must prove each of the following elements:

{¶ 18} "(a) a representation or, where there is a duty to disclose, concealment of a fact,

{¶ 19} "(b) which is material to the transaction at hand,

{¶ 20} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

{¶ 21} "(d) with the intent of misleading another into relying upon it,

{¶ 22} "(e) justifiable reliance upon the representation or concealment, and

{¶ 23} "(f) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus, citing *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 169, 10 OBR 500, 462 N.E.2d 407.

{¶ 24} An action in fraud will be found only if all of the elements are present and "the absence of one element is fatal to recovery." *Westfield Ins. Co. v. HULS Am., Inc.* (1998), 128 Ohio App.3d 270, 296, 714 N.E.2d 934. Appellees argued that the evidence proved that. Forbus did not conceal any facts from Bible because he had no duty to disclose information to Bible under the circumstances of this case. In support of this argument, appellees referred to Bible's own deposition testimony to show that he admitted that appellees never stated any of the following to him: that the survey job was his, that the survey job was or was not being bid, that appellants were the exclusive vendor whom appellees were considering for the matter, that Bible or Current Source, Inc. had a contract with the School District, or that Bible or Current Source, Inc. even had a purchase order with the School District. Appellees also presented case law stating that a party who does not disclose material information prior to the consummation of a transaction commits fraud only if both parties have a fiduciary or other similar relationship that would create a duty to disclose such informa-tion. Appellees demonstrated that no special relationship existed between For-bus and Bible by which Forbus had a duty to disclose any particular information to Bible.

{¶ 25} In addition, appellees asserted that appellants' reliance on Forbus's alleged concealment was not justifiable, given the facts and case law applicable to the case. In support of this argument, appellees referred to the case of *Lathrop*

Co. v. Toledo (1966), 5 Ohio St.2d 165, 173, 34 O.O.2d 278, 214 N.E.2d 408, which held that contractors who undertake to enter into a contract with a public agency must ascertain whether the contract complies with the applicable state Constitution and applicable statutes, charters, and ordinances. A contractor who fails to do so performs the alleged contract at his peril. Id. Appellees presented the cases of State ex rel. Laskey v. Perrysburg Bd. of Edn. (1880), 35 Ohio St. 519; and CADO Business Sys. of Ohio, Inc. v. Cleveland Bd. of Edn. (1983), 8 Ohio App.3d 385, 389, 8 OBR 499, 457 N.E.2d 939, to show that parties who deal with school districts, such as appellants, are presumed to know the limits in which a school district and its employees can lawfully transact business.

{¶ 26} Appellees also presented the Lathrop Co. and CADO cases to demonstrate that courts are not to enforce contracts made in violation of statutory requirements but instead must leave the parties in the position they have placed themselves. Last, appellees argued that the law demonstrates that no contract could be binding upon the School District except as authorized at a meeting of its board of education and that they provided the affidavit of Stephen Huzicko, the Treasurer of the Elyria City School Board of Education, to show that no such authorization ever took place. This court finds that appellees satisfied their Dresher burden and, as a result, the burden shifts to appellants to satisfy the same in order to overcome summary judgment against them. Civ.R. 56(E).

{¶ 27} Although appellants referred to Bible's and Forbus's deposition testimonies and case law in their memorandum in opposition to summary judgment, they did not produce sufficient contrary evidence in response to appellees' motion for summary judgment. This court notes that appellants referred to the School District's purchasing policy to argue that Forbus had the authority to contract with them for the School District. However, nowhere in the purchasing policy does it state that an employee such as Forbus may independently enter into professional service contracts that bind the School District without the Elyria City School District Board of Education ("the Board") having first approved the funds and having the treasurer certify that they are available for the contract to proceed. Furthermore, after reading Forbus's deposition testimony concerning his business director position in its entirety, he also testified that the funds for service jobs must be approved, the treasurer must certify that the funds are available, and a purchase order must be made before any job would be paid. Forbus further testified that he always took potential professional services jobs above $10,000 to the Board.

{¶ 28} After reviewing the evidence in the light most favorable to appellants, this court finds that no genuine issue remained with regard to the facts that no special relationship existed between the parties that would allow appellants to have a justifiable expectation that they had been awarded the survey job contract.

Moreover, it is well settled that contractors who deal with government entities, including school boards of education, are presumed to know the contractual limits of the entity and employees of that entity. See *Shampton v. Springboro*, 98 Ohio St.3d 457, 2003-Ohio-1913, 786 N.E.2d 883; *Kraft Constr. Co. v. Cuyahoga Cty. Bd. of Commrs.* (1998), 128 Ohio App.3d 33, 713 N.E.2d 1075; *Richard L. Bowen & Assoc., Inc.* Appellants had the responsibility of determining whether the alleged contract in question was made in accordance with all applicable laws of Ohio, including the Design Services Act, and it failed to do so; therefore, any contract between appellants and appellees is void, and this court is bound to "leave [the parties] where they have placed themselves, and refuse to aid either." *Buchanan*, 60 Ohio St. at 426, 54 N.E. 372.

{¶ 29} Appellants have sought to have this court find that appellees violated the Design Services Act (which would render the contract void) in order for them to recover money damages, and at the same time find that the parties had an enforceable contract under the Design Services Act so that appellants can prevail on their fraud and promissory estoppel claims against appellees. This court cannot enforce the validity of the contract appellants are alleging for any reason because appellees did not adhere to the statutory requirements of the Design Services Act with appellants, rendering any contract between the parties void in this case. In light of the above facts and the applicable law, this court finds that summary judgment was properly granted to appellees on appellants' fraud claim.

### Promissory Estoppel Claim

{¶ 30} In their motion for summary judgment, appellees argued that appellants' claim of promissory estoppel is without merit because appellees never made a clear, unambiguous promise to appellants on which they could reasonably rely to conduct the survey work for appellees.

{¶ 31} To succeed on a promissory estoppel claim, a party must show (1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance. *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, 779 N.E.2d 1056, at ¶ 25, citing *Healey v. Republic Powdered Metals, Inc.* (1992), 85 Ohio App.3d 281, 284, 619 N.E.2d 1035. Appellees argued that the evidence proves that no clear, unambiguous promise was ever made to appellants and that their reliance upon allegations that appellees had paid other contractors in the past for services rendered prior to the proper issuance of a purchase order was not reasonable.

{¶ 32} In support of this argument, appellees referred to Bible's own deposition testimony to show that he admitted that appellees never stated any of the following to him: that the survey job was his, that the survey job was or was not

being bid, that appellants were the exclusive vendor that appellees were considering for the matter, that Bible or Current Source, Inc. had a contract with the School District, or that Bible or Current Source, Inc. even had a purchase order with the School District. The appellees also argued that the law demonstrates that no contract can be binding upon the School District unless it is authorized at a meeting of the Board and that it includes a properly signed purchase order to show sufficient funds to pay the contract. They presented the affidavit of Stephen Huzicko, the Treasurer of the Board, to show that no such authorization of a contract with appellants took place in this case. Appellees also presented *Walker v. Lockland City School Dist. Bd. of Edn.* (1980), 69 Ohio App.2d 27, 23 O.O.3d 24, 429 N.E.2d 1179; and *Bohach v. Advery,* 7th Dist. No. 00CA265, 2002-Ohio-3202, 2002 WL 1396744, which hold that a board of education, through which a school district acts, may be estopped only by the conduct of the board itself and not by the conduct of employees who have no power to act on the board's behalf. This court finds that appellees satisfied their *Dresher* burden and, as a result, the burden shifts to appellants to satisfy the same in order to overcome summary judgment against them. Civ.R. 56(E).

{¶ 33} Although appellants referred to Bible's and Forbus's deposition testimonies and case law in their memorandum in opposition to summary judgment, they did not produce sufficient contrary evidence in response to appellees' motion for summary judgment. After reviewing the evidence in the light most favorable to appellants, this court finds that no genuine issue remained with regard to the facts that no clear, unambiguous promise was ever made to appellants and their reliance upon allegations that appellees had paid other contractors in the past for services rendered prior to the proper issuance of a purchase order was not reasonable. As stated earlier, appellants had the responsibility of determining whether the alleged contract in question was made in accordance with all applicable laws of Ohio, including the Design Services Act, and they failed to do so. In light of the above facts and the applicable law, this court finds that summary judgment was properly granted to appellees on appellants' promissory estoppel claim.

{¶ 34} Appellants' second and third assignments of error are overruled.

### III

{¶ 35} Appellants' three assignments of error are overruled. Accordingly, the judgments of the Lorain County Court of Common Pleas are affirmed.

Judgments affirmed.

BAIRD and BATCHELDER, JJ., concur.