DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Mark A. Marusa has appealed from a decision of the Medina County Court of Common Pleas that granted summary judgment to Appellees the City of Brunswick, William Lebus, and Patrick Beyer. This Court affirms.
 I {¶ 2} Appellant was employed by the City of Brunswick ("City") first as a part-time firefighter and eventually as a full-time firefighter. Per City policy, Appellant had two years from the time he became a full-time firefighter to complete paramedic training. Appellant did not complete said training within the two year limit and was discharged. On June 18, 2003, Appellant filed a complaint against the City, William Lebus ("Lebus"), and Patrick Beyer ("Beyer") alleging: 1) breach of contract (Count I); 2) intentional infliction of emotional distress (Count II); 3) negligent infliction of emotional distress (Count III); 4) promissory estoppel (Count IV); 5) violation of public policy (count V); 6) handicap discrimination (Count VI); and 7) violation of the Brunswick Charter (Count VII).
 {¶ 3} The City, Lebus, and Beyer (Appellees) answered Appellant's complaint on July 18, 2003. On November 13, 2003, Appellees filed a notice of serving their first set of interrogatories, requests for production of documents and request for admissions to Appellant. Appellant did not respond to any of Appellees' requests.
 {¶ 4} On February 2, 2004, Appellees filed a motion for summary judgment. Appellees claimed that "as a result of the admissions of [Appellant] * * * and as a result of [Appellant's] failure to provide any evidence to support his claims, there [were] no longer any material issues of fact[.]" Appellees argued that pursuant to Civ.R. 36 because Appellant failed to respond to their request for admissions "the matter stated therein" should be "admitted by default and, therefore, conclusively established for the purpose of the lawsuit." Appellees also argued that they were entitled to summary judgment because Appellant failed to exhaust his administrative remedies.
 {¶ 5} On March 15, 2004, Appellant filed a response to Appellees' motion for summary judgment.[1] Appellant argued that viewing the evidence most strongly in his favor as the nonmoving party, he had clearly established a prima facie case of breach of an implied contract and promissory estoppel because he was led to believe that his employment was permanent and that because Appellees did not enforce the two-year limit on paramedic training he felt his employment was secure and did not seek other employment. Appellant argued that he had established a prima facie case for intentional infliction of emotional distress because, contrary to Appellees' representations that he was a permanent employee and would only be terminated for good cause, he was terminated after two years of employment which was "extreme and outrageous and intended to cause [him] severe emotional distress." Appellant claimed that being terminated less than one week before Christmas caused him serious emotional distress.
 {¶ 6} Appellant argued that he had established a prima facie case for his handicap discrimination claim because he had "a learning disability which affected his ability to understand the material and successfully complete the test portion of the required Paramedic Training." Appellant claimed his "wrongful termination" by Appellees was "obviously an adverse employment action taken by an employer due to his failure to successfully complete the test portion of the required Paramedic Training within the two-year period."
 {¶ 7} In regards to his violation of the City's charter claim, Appellant argued that viewing the evidence most strongly in his favor, he "clearly established a violation[.]" Appellant based his argument on the allegation that he was wrongfully terminated, but maintained his part-time status and that even after he passed the paramedic training test he was not given the right of first refusal to newly available full-time positions, which was in violation of the City charter.
 {¶ 8} On March 19, 2004, the magistrate issued his decision and granted summary judgment to Appellees. The magistrate cited the following findings of fact:
"1. Upon review of the evidence submitted by the parties pursuant to Civil Rule 56(C), including evidence properly before the Court pursuant to the [Appellees'] unanswered discovery requests, now deemed admitted, the Court finds no material issue of fact exists which would preclude summary judgment on the issues presented.
"2. The [Appellant] was a member of The International Association of Firefighters Local 3568 (hereafter IAFF). Pursuant to a Collective Bargaining Agreement between the City of Brunswick and IAFF, the [Appellant] was required to resort to a 5 step grievance procedure as his sole and exclusive remedy for disputes concerning any type of discipline or discharge from employment.
"3. The [Appellant] has alleged he did not receive proper notice of an administrative hearing. The evidence presented reveals he took no action in response, administrative or otherwise, other than filing this suit.
"4. There is no evidence before the Court to suggest [Appellees] Beyer and Lebus were acting in any capacity other than within the scope of their employment with the City of Brunswick."
 {¶ 9} The magistrate found that Beyer and Lebus were entitled to summary judgment as a matter of law because there was no evidence "at all" before the Court suggesting that they were acting in any capacity other than within the scope of their employment with the City. The magistrate also found that Appellant had other remedies he could have pursued after he allegedly failed to receive notice of the administrative hearing. The magistrate determined that:
"The [Appellant] can not (sic) by-pass the mandatory exclusive provisions of the collective bargaining agreement to pursue a breach of contract action (Count 1) or an alleged violation of the Brunswick City Charter (Count VII) by simply alleging he did not receive proper notice."
 {¶ 10} The magistrate concluded that because Appellant failed to exhaust all of his administrative remedies, the City of Brunswick was entitled to summary judgment on Counts I and VII of Appellant's complaint. The magistrate awarded summary judgment to Appellees on the remaining counts of Appellant's complaint because:
"[Appellant's] evidence, including the unanswered discovery requests deemed admitted, demonstrates the absence of genuine issues of material fact as to the essential elements of [Appellant's] remaining causes of action. [Appellant] has failed to submit any evidentiary material showing a genuine dispute of the facts at issue. The un-rebutted facts demonstrate a complete failure of the evidence required to support the necessary elements to establish the remaining causes of action as set forth in Counts II, III, IV, V, VI of [Appellant's] complaint."
 {¶ 11} On April 1, 2004, Appellant filed objections to the magistrate's decision. Appellant objected to the magistrate's decision "on the grounds that [the] decision [was] against the manifest weight of the evidence and result[ed] in an unfair and inequitable result." Appellant specifically objected to the following:
"1. To the finding that no material issue of fact exists which would preclude summary judgment on the issues presented.
"2. To the finding that [Appellant] was required to resort to a 5-step grievance procedure as his sole and exclusive remedy for disputes concerning any type of discipline or discharge from employment.
"3. To the finding that [Beyer and Lebus] were acting in any capacity other than within the scope of their employment with the [City].
"4. To the finding that [Appellant] failed to exhaust all his administrative remedies.
"5. To the finding that [Appellant] failed to submit any evidentiary material showing a genuine dispute of the facts at issue."
 {¶ 12} On April 23, 2004, the trial court affirmed the magistrate's decision in full, entering summary judgment in favor of Appellees. The trial court found that "[u]pon careful independent review of the file, the Magistrate's Decision, and upon considering the briefs and oral arguments of counsel, the Court finds the Magistrate's Decision contains no error of law or other defect and there are no issues of fact which would preclude summary judgment." Appellant has timely appealed the trial court's April 23, 2004 decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in granting summary judgment when genuine issues of material fact existed with regard to appellant's claims."
 {¶ 13} In his sole assignment of error, Appellant has argued that the trial court erred in granting summary judgment to Appellees. Specifically, Appellant has argued that a genuine issue of material fact existed as to whether or not he exhausted all of his administrative remedies, whether or not Appellees violated the Brunswick City Charter, and in regard to his claims for breach of contract, promissory estoppel, emotional distress, and handicap discrimination. We disagree.
 {¶ 14} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 15} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 16} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 17} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 18} Before discussing each of the counts in Appellant's complaint and whether summary judgment was proper on said counts, we must address Civ.R. 36. Appellant's failure to respond to Appellees' request for admissions resulted in said admissions being admitted into the record. Pursuant to Civ.R. 36:
"(A) A party may serve upon any other party a written request of the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]"
 {¶ 19} As previously noted, Appellees filed a notice of serving their first set of interrogatories, requests for production of documents and request for admissions to Appellant on November 13, 2003.
 {¶ 20} By the explicit terms of Civ.R. 36(A), a party's failure to timely respond to request for admissions results in default admissions. When a party fails to timely respond to the request for admissions, "the admissions [become] facts of record, which the court must recognize."Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67, certiorari denied (1986), 478 U.S. 1005, 106 S.Ct. 3295, 92 L.Ed.2d 710. From a practical standpoint, however, a party typically moves the trial court to "deem" the matters admitted to bring the issue to the trial court's attention and to make the default admissions, which may not have been filed previously with the court, part of the trial court record. See Id.
 {¶ 21} As part of their motion for summary judgment, Appellees moved the trial court to admit their request for admissions by default because Appellant never responded to the request. The record shows the request for admissions was filed on November 13, 2003 and Appellees' motion for summary judgment was filed on February 2, 2004. As a result, Appellant had far more than the twenty-eight day time period contained in Civ.R. 36 to respond to Appellees' request. In fact, Appellant failed to respond in the eighty-one days that had passed from the time the request was filed until Appellees filed their motion for summary judgment.
 {¶ 22} The record shows that not only did Appellant fail to respond to the request for admissions, which resulted in default admissions, but he also failed to file leave to reply or ask the court to grant him leave to withdraw the admissions. Civ.R. 36(B) provides, in pertinent part, that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The trial court's decision to grant or deny a request for withdrawal of an admission rests within its discretion. Balson v. Dodds (1980),62 Ohio St.2d 287, paragraph two of the syllabus. "Under compelling circumstances, the court may allow untimely replies to avoid the admissions." Cleveland Trust Co., 20 Ohio St.3d at 67.
 {¶ 23} Appellant's failure to respond to Appellees' request for admissions, his failure to file for leave to file an untimely response, and his failure to move the court to withdraw or amend the admissions resulted in Appellees' request for admissions being admitted and becoming part of the record. As such, the following requests for admissions became facts of the record:
"Admit that [Appellant], through his union representative, denied, at his pre-termination hearing held on or about December 19, 2002, that he had a disability.
"* * *
"Admit that [Appellant] was required to successfully complete his paramedic training within 2 years of his hire date of December 18, 2000.
"* * *
"Admit that [Appellant] failed to successfully complete his paramedic training within 2 years of his hire date of December 18, 2000.
"* * *
"Admit that [the City] was engaged in the performance of a governmental function, set forth in Ohio Revised Code § 2744.01, in connection with the subject matter of [Appellant's] complaint.
"* * *
"Admit that [Appellant] never notified the City of any alleged disability prior to his termination."
"* * *
"Admit that neither [Appellant] nor someone closely related to [Appellant] faced and was cognizant of an actual physical peril in connection with [Appellant's] termination from employment."
 {¶ 24} Pursuant to Civ.R. 36, Appellant's default admissions conclusively established that: 1) on or about December 19, 2002, Appellant through his union representative denied he had a disability; 2) Appellant was required to successfully complete his paramedic training within two years of his hire date of December 18, 2000; 3) Appellant failed to complete said training within two years of December 18, 2000; 4) the City was engaged in the performance of a governmental function, as set forth in R.C. 2744.01, in connection with the subject matter of Appellant's complaint; 5) Appellant never notified the City of any alleged disability prior to his termination; and 6) neither Appellant nor someone closely related to him faced and was cognizant of an actual physical peril in connection with his termination.[2] We note that, "[a]n admission by default under Civ.R. 36(A) is deemed a written admission competent to support a motion for summary judgment." Albrecht Inc. v.Hambones Corp., 9th Dist. No. 20993, 2002-Ohio-5939, at ¶ 27, citingLease Line Ltd., Inc. v. S. F Farms, Inc. (June 6, 1990), 9th Dist. No. 1861, at 3.
 {¶ 25} Appellees moved for summary judgment against all of Appellant's claims, relying on evidence that included Appellant's default admissions, an affidavit from the Administrative Services Coordinator for the City, the collective bargaining agreement between the City and Appellant's firefighter union, an affidavit concerning when Appellant was served with the request for admissions and his failure to respond, an inter-office correspondence signed by Appellant confirming that he was a full time firefighter and had two years from December 18, 2000 to complete the required paramedic training, and the City charter.
Count I-Breach of Contract Claim
 {¶ 26} A breach of contract claim requires a showing of 1) a contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. See Preferred Capital, Inc. v.Sturgil, 9th Dist. No. 21787, 2004-Ohio-4453, at ¶ 11. Contract terms are ambiguous only if they can be reasonably understood in more than one sense. Mills Creeks Condominium Assn. v. Kleinholz (Oct. 2, 1991), 9th Dist. No. 91CA005025, at 2-3. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, at paragraph two of the syllabus.
 {¶ 27} In the instant matter, the collective bargaining agreement between Appellant, as a member of the firefighters union, and the City contained a grievance procedure for employment disputes. Pursuant to agreement, the grievance procedure "shall be the sole and exclusive procedure for disputes concerning any type of discipline or discharge actions." The agreement outlined a five-step grievance procedure. The first four steps required the aggrieved party to deal with his supervisor, then his department head and finally the City manager. If the issue remained unresolved and "no agreement [was] reached in fifteen (15) working days, in Step 4, [the] grievance may [have been] submitted to a Mediator or the Civil Service Commission, but not both." Rather than follow the required procedure, Appellant filed suit in the court of common pleas.
 {¶ 28} The exhaustion of administrative remedies doctrine is a wellestablished principle of Ohio law. Noernberg v. Brook Park (1980),63 Ohio St.2d 26, 29, citing State ex rel. Lieux v. Westlake (1951),154 Ohio St. 412, 415-16. Specifically, the doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter. Noernberg, 63 Ohio St.2d at 29-30. Pursuant to Appellant's collective bargaining agreement, his administrative remedy was the five-step grievance procedure.
 {¶ 29} "As a general rule, the grievance procedures of a collective bargaining agreement must be exhausted as a prerequisite to any civil action against the employer." Kelley v. Cairns Brothers, Inc, et al.
(1993), 89 Ohio App.3d 598, 607. (Citations omitted). Appellant has claimed that he filed a grievance and a hearing was held on the grievance without any notice being given to him. But a review of the record reveals that Appellant has not provided any evidence to support such a claim. Appellant has not provided any evidence beyond his self-serving statements that he filed a grievance, that a hearing was held, that he was not notified of the hearing or that he attempted to pursue the other steps of the grievance procedure.
 {¶ 30} Based on the foregoing, we find that Appellees are entitled to summary judgment on Appellant's claim of breach of contract because Appellant failed to exhaust his administrative remedies under the collective bargaining agreement.
Count II-Intentional Infliction of Emotional Distress Claim
 {¶ 31} To prevail on an intentional infliction of emotional distress claim, Appellant must show:
"1) That [Appellees] either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to [Appellant]; 2) that [Appellees'] conduct was so extreme and outrageous as to go `beyond all possible bounds of decency' and was such that it can be considered as `utterly intolerable in a civilized community'; 3) that [Appellees'] actions were the proximate cause of [Appellant's] physic injury; and 4) that the mental anguish suffered by [Appellant] is serious and of a nature that `no reasonable man could be expected to endure it." (Internal citations omitted). Pylev. Pyle (1983), 11 Ohio App.3d 31, 34. See, also, Jarvis v.Gerstenslager Co., 9th Dist. Nos. 02CA0047 and 02CA0048, 2003-Ohio-3165, at ¶ 67.
 {¶ 32} In Appellees' motion for summary judgment they argued that Appellant failed to submit any evidence to support his claim of intentional infliction of emotional distress. Appellant responded by claiming that being fired a week before Christmas from a job he thought was permanent caused him severe emotional distress and that was sufficient to withstand Appellees' motion for summary judgment. We disagree.
 {¶ 33} Upon review of the record, we find it void of any evidence to establish the elements of intentional infliction of emotional distress. Rather, the admissions show that Appellant suffered no injury. Further, Appellant submitted no evidence in support of his emotional distress.
"A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a selfserving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate `the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial'" (Citations omitted.) (Emphasis original.) McPherson v. GoodyearTire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 36.
 {¶ 34} We also find that the record is void of any allegations that would rise to the level of intentional infliction of emotional distress. Rather, the record establishes that Appellant was terminated from this job because he failed to complete the required training within the two-year time limit. The fact that Appellant's two-year limit to complete his paramedic training occurred a week before Christmas is a coincidence, not evidence of an intention to harm Appellant or evidence of extreme, outrageous, or intolerable actions.
 {¶ 35} Appellant's allegations that he suffered emotional distress do not give rise to a genuine issue of material fact. Accordingly, Appellees are entitled to summary judgment on Appellant's intentional infliction of emotional distress claim.
Count III-Negligent Infliction of Emotional Distress Claim
 {¶ 36} Appellant's complaint contains a claim for negligent infliction of emotional distress. Our review of the record found no other reference to such a claim. Appellant did not argue said claim in his response to Appellees' motion for summary judgment, in his objection to the magistrate's decision, or in the instant appeal.
 {¶ 37} "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor
(Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremerv. Cox (1996), 114 Ohio App.3d 41, 60. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson, at ¶ 31, citing Elyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App. R. 12(A)(2). See, also, Smith v. Akron Dept.of Public Health, 9th Dist. No. 21103, 2003-Ohio-93.
 {¶ 38} We agree with Appellees that Appellant has waived any argument that they were not entitled to summary judgment on Appellant's negligent infliction of emotional distress claim. Not only is Appellant's claim of negligent infliction of emotional distress wholly unsubstantiated by any reference to evidence in the record, he has failed to argue such claim beyond his complaint. Accordingly, we disregard said allegation and find that Appellees are entitled to summary judgment on Appellant's negligent infliction of emotional distress claim.
Count IV-Promissory Estoppel Claim
 {¶ 39} To establish a promissory estoppel claim Appellant must show: "1) a clear and unambiguous promise; 2) reliance on that promise; 3) reliance that was reasonable and foreseeable; and 4) damages caused by that reliance." Current Source, Inc., et al. v. Elyria City SchoolDist., et al., 157 Ohio App.3d 765, 2004-Ohio-3422, at ¶ 25.
 {¶ 40} In Appellees' motion for summary judgment they argued that Appellant's alleged reliance on the alleged promise of permanent employment was unreasonable because his position required him to complete paramedic training within a two-year time period and he did not complete said training. In support of this argument, Appellees point to the offer of full time employment, which Appellant signed and dated December 8, 2000. The offer clearly stated "[w]ithin two years from date of hire, employees must successfully complete the Paramedic Training." The offer form was due December 18, 2000, which was determined to be Appellant's start date as a full time firefighter. The admissions which became part of the record also demonstrated that Appellant knew he had to complete the training within the two-year limit and that he failed to do so. We find that Appellees have satisfied their Dresher burden and, as a result, the burden shifted to Appellant to satisfy the same in order to overcome summary judgment against him. See Civ.R. 56(E).
 {¶ 41} Although Appellant argued that he believed his employment was permanent and that other employees failed to pass the paramedic training within the two-year limit and were not terminated, he did not provide sufficient contrary evidence in response to Appellees' motion for summary judgment. As previously stated, it was established through the admissions that Appellant knowingly failed to complete the required paramedic training. His claim that other employees also failed to complete said requirement and were not terminated is both irrelevant and not supported by any evidence. We must reiterate that "[a] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]." (Citations omitted). McPherson, at ¶ 36.
 {¶ 42} Based on the foregoing, we find that Appellees are entitled to summary judgment on Appellant's promissory estoppel claim.
Count V-Violation of Public Policy Claim
 {¶ 43} Appellant's complaint contains a claim for violation of public policy. Our review of the record found no other reference to such a claim. Appellant did not argue said claim in his response to Appellees' motion for summary judgment, in his objection to the magistrate's decision, or in the instant appeal.
 {¶ 44} As previously discussed, this Court may disregard an argument if the appellant fails to identify the relevant portions of the record from which the errors are based. See App. R. 12(A)(2). See, also, Smith,
supra. Accordingly, we disregard Appellant's claim for a violation of public policy and find that Appellees are entitled to summary judgment on said claim.
Count VI-Handicap Discrimination Claim
 {¶ 45} To prevail on a handicap discrimination claim, Appellant must demonstrate:
"(1) [T]hat he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." (Citations omitted). Hood v. Diamond Products, Inc. (1996),74 Ohio St.3d 298, paragraph two of the syllabus.
 {¶ 46} After a review of the admissions, our analysis of Appellees' entitlement to summary judgment on Appellant's handicap discrimination claim ends at the first prong of the test. The admissions state that Appellant did not have a disability. Because he was not disabled, he could not, as a matter of law, establish a handicap or disability discrimination claim. This Court also notes that the admissions show that the Appellees were never notified of any alleged disability and therefore, Appellant was unable to connect his termination to any alleged disability. Based on the foregoing, Appellees are entitled to summary judgment because no genuine issue of material fact existed as to Appellant's handicap discrimination claim.
Count VII-Violation of Brunswick City Charter Claim
 {¶ 47} Appellant has argued that Appellees were not entitled to summary judgment on this claim because they violated the City charter by not offering him the right of first refusal for full-time firefighter positions. We disagree.
 {¶ 48} As discussed in our analysis of Appellant's breach of contract claim, Appellant was bound by the collective bargaining agreement. Under the agreement, he was required to follow the five-step grievance procedure. The record shows he failed to follow that procedure in that he failed to exhaust his administrative remedies. Accordingly, Appellees are entitled to summary judgment on Appellant's violation of the City charter claim.
 {¶ 49} Based on the foregoing, we find that no genuine issue exists as to any material fact and that Appellees are entitled to summary judgment as a matter of law. Appellant's sole assignment of error is not well taken.
 III {¶ 50} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. Concur.
[1] Appellant was "granted a leave to plead to until March 15, 2004 to file an Answer to [Appellees'] Motion for Summary Judgment."
[2] In his objections to the magistrate's decision, Appellant did not object to the admission of the request for admissions. Further, Appellant did not attempt to raise said admission as error on appeal.