DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/cross-appellee, Steve Kunkle, appeals from the order of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees/cross-appellants, Akron Management Corporation and ClubCorp USA, Inc., on appellant's claims. Appellees/cross-appellants appeal from the order of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellant/cross-appellee on appellees' counterclaims. This Court affirms.
 I. {¶ 2} Appellant began working for appellees as a greens keeper at Firestone Country Club on March 27, 1991. At all times during the course of appellant's employment with appellees, appellant was an at-will employee. Appellant was promoted over the years and was working for appellees as the superintendent of the north and south golf courses at Firestone Country Club, when he was cited on July 31, 2001, for driving under the influence. At the time of the citation, appellant was driving one of appellees' company vehicles while off duty.
 {¶ 3} Appellant informed his supervisor, Brian Mabie, about his citation on August 1, 2001. Mr. Mabie informed Donald Padgett, appellees' general manager, about appellant's DUI citation. Appellant asserted that both Mabie and Padgett informed him that his job was secure notwithstanding the citation.
 {¶ 4} On August 15, 2001, appellant secured a letter from Mr. Mabie regarding appellant's employment so that he could obtain a work release permit from the court hearing his criminal case. The same day, appellant entered a no contest plea regarding the driving under the influence charge. Appellant informed appellees that he had pled no contest and was subsequently found guilty by the court.
 {¶ 5} Appellant continued to work for appellees through end of the NEC Invitational on August 26, 2001. On August 27, 2001, Mabie, Padgett and two other of appellees' representatives met with appellant. Mr. Padgett informed appellant that appellees decided to terminate appellant's employment because of his DUI conviction. Mr. Padgett gave appellant the opportunity to resign in lieu of termination. Appellant signed and submitted to appellees a letter, which stated, "Please accept this notice of resignation from Firestone Country Club effective today, August 27, 2001."
 {¶ 6} On September 8, 2003, appellant filed a complaint against appellees, alleging one count of promissory estoppel, one count of fraudulent misrepresentation, and one count of breach of contract. Appellees filed an answer and counterclaims, alleging that appellant breached "a multitude of employment agreements" by filing his complaint and that appellant is promissorily estopped from bringing his claims in which he alleged that he was terminated from his employment with appellees.
 {¶ 7} Appellant filed a motion for summary judgment on appellees' counterclaims, and appellees filed a motion for summary judgment on appellant's claims. The parties filed their respective responses. On January 10, 2005, the trial court issued two orders. In one, the trial court entered judgment in favor of appellant in regard to appellees' counterclaims, thereby dismissing the counterclaims. In the other, the trial court entered judgment in favor of appellees in regard to appellant's three claims, thereby dismissing appellant's complaint. Appellant timely appealed, raising two assignments of error for review. Appellees also timely appealed, raising one assignment of error for review. Appellant's assignments of error are consolidated for review.
 II. APPELLANT'S FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO FIRESTONE ON KUNKLE'S CLAIMS OF BREACH OF CONTRACT AND PROMISSORY ESTOPPEL BECAUSE THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE TRIAL COURT'S FINDING THAT KUNKLE HAD ANY WRITTEN EMPLOYMENT AGREEMENT; RATHER, KUNKLE'S ORAL, AT-WILL EMPLOYMENT AGREEMENT WAS ALTERED WHEN DEFENDANTS PROMISED HIM JOB SECURITY, WHICH THEY BREACHED WHEN THEY TERMINATED HIM."
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO FIRESTONE ON KUNKLE'S FRAUD CLAIM BECAUSE THE VIABILITY OF THIS CLAIM HAS NOTHING THE DO WITH WHETHER AN AT-WILL EMPLOYMENT RELATIONSHIP IS BASED ON A WRITTEN OR ORAL AGREEMENT, AND BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO EACH ELEMENT OF THIS CLAIM."
 {¶ 8} Appellant argues that the trial court erred in granting summary judgment in favor of appellees in regard to the claims in his complaint. This Court disagrees.
 {¶ 9} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ. R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} To prevail on a claim for promissory estoppel, appellant must prove: "(1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance." Current Source, Inc. v. Elyria City SchoolDist., 157 Ohio App.3d 765, 2004-Ohio-3422, at ¶ 31.
 {¶ 13} In his complaint, appellant alleged that appellees made certain representations to him regarding his continued employment, that appellant reasonably relied upon those representations, that he changed his position for the worse in reliance on those misrepresentations by pleading no contest to the DUI charge instead of pursuing the matter at trial, and that he suffered damages as a result of his subsequent termination. In essence, appellant alleged that appellees promised that appellant would not be terminated. He argues that he relied on that promise when he decided to plead no contest to the DUI charge, which resulted in his conviction. Appellant asserts that he was damaged, because his conviction thereafter resulted in appellees' termination of his employment. He asserts that appellees should be estopped from terminating his employment because of their representations that appellant's job remained secure despite his DUI citation.
 {¶ 14} In this case, appellant's claim must fail for the simple reason that appellees did not terminate appellant. Appellant admits that he submitted a resignation to appellees on August 27, 2001. Although he argues that his resignation is invalid because he was coerced or forced to resign under duress, appellant makes no claims of duress or constructive discharge in his complaint. He merely claims that his actions (pleading no contest to the DUI charge), premised on his reasonable reliance on appellees' promise that his job was secure, resulted in appellees' termination of him. Because appellant resigned, and was not terminated by appellees as alleged, he cannot prove that appellees actions resulted in any injury to him. Accordingly, estoppel does not lie under these circumstances. No genuine issue of material fact exists, and appellees are entitled to judgment as a matter of law on appellant's claim of promissory estoppel.
 {¶ 15} To prevail on a claim for fraudulent misrepresentation, appellant must prove:
"that there was a representation; or where there was a duty to disclose, concealment of a fact which is material to the transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; justifiable reliance upon the representation or concealment; and a resulting injury proximately caused by the reliance." DiCillo v.Prindle, 9th Dist. No. 21618, 2004-Ohio-2366, at ¶ 27.
 {¶ 16} In his complaint, appellant alleged that appellees represented that appellant's job was secure notwithstanding his DUI citation and concealed their plan to maintain appellant as an employee only until after the NEC Invitational golf tournament. Appellant further contended that he relied on those representations and concealed facts when he pled no contest to the DUI charge. As a result, appellant alleged that he suffered damages when appellees terminated him.
 {¶ 17} Again, appellant's claim must fail, because appellees did not terminate appellant. Appellant acknowledges that he submitted his resignation on August 27, 2001. Accordingly, appellant cannot establish that appellees caused any injury to appellant as a result of appellant's reliance on any representations or concealments by appellees. The trial court did not err in finding that no genuine issue of material fact exists and that appellees are entitled to judgment as a matter of law on appellant's claim of fraudulent misrepresentation.
 {¶ 18} To prevail on a claim of breach of contract, appellant must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." PreferredCapital, Inc. v. Sturgil, 9th Dist. No. 21787, 2004-Ohio-4453, at ¶ 11, quoting Doner v. Snapp (1994), 98 Ohio App.3d 597, 600.
 {¶ 19} In his complaint, appellant alleged that he had an implied contract with appellees that they would not terminate appellant for violating the company's zero tolerance drug policy. Appellant continued that appellees breached that implied contract when they subsequently terminated him.
 {¶ 20} This Court reiterates that appellant admits that he submitted his resignation to appellees on August 27, 2001. Appellant had the option of refusing to resign. He then might have filed a complaint alleging wrongful termination in addition to his instant claims. Instead, appellant resigned and failed to allege any claims for duress or constructive discharge. Under the circumstances, appellant cannot prove that appellees breached any implied contract not to fire appellant, because appellant resigned. Accordingly, no genuine issue of material fact exists, and appellees are entitled to judgment as a matter of law in regard to appellant's claim for breach of implied contract.
 {¶ 21} Appellant's first and second assignments of error are overruled.
 III. APPELLEES'/CROSS-APPELLANTS' ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANTS WERE NOT ENTITLED TO RECOVER DAMAGES CAUSED BY PLAINTIFF'S BREACH OF HIS WRITTEN, EXPRESSED COMMITMENT THAT `ANY STATEMENTS, ORAL OR WRITTEN, MADE OR WHICH MAY BE MADE CONTRARY TO THE ABOVE [AT-WILL STATURE] ARE NOT TRUE AND THE EMPLOYER DISAVOWS THEM,' AND THAT PLAINTIFF `CANNOT RELY ON ANY STATEMENTS MADE WHICH ARE CONTRARY TO THE ABOVE BECAUSE SUCH STATEMENTS ARE NOT BINDING ON THE EMPLOYER FOR ANY PURPOSE WHATSOEVER.'"
 {¶ 22} Appellees argue that the trial court erred in granting summary judgment in favor of appellant in regard to appellees' counterclaims. This Court disagrees.
 {¶ 23} The standard by which this Court reviews the trial court's order on a motion for summary judgment is set forth above.
 {¶ 24} Appellees alleged in their counterclaims that appellant's filing of claims against appellees constitutes a breach of various employment agreements, including two "Receipt[s] of Employee Handbook" and a statement in appellant's employment application, wherein he signed an acknowledgement that "I agree and acknowledge that should I become employed by the Company my employment can be terminated, with or without cause, at any time by myself or The Company." Appellees further alleged that appellant was estopped from alleging that he was "terminated" by appellees. Appellees seek as damages its fees and costs in defending against appellant's claims.
 {¶ 25} This Court reiterates that to prevail on their claim of breach of contract, appellees must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Preferred Capital, Inc. at ¶ 11.
 {¶ 26} To prevail on their claim of promissory estoppel, appellees must prove "(1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance." Current Source, Inc. at ¶ 31.
 {¶ 27} Appellant argued in his motion for summary judgment that no representative of appellees could enunciate the nature of appellees' counterclaims, let alone articulate damages suffered as a result of appellant's filing of his complaint.
 {¶ 28} Brian Mabie, appellees' director of golf course maintenance, testified at his deposition that he was not aware of appellees' counterclaims against appellant until counsel inquired about them at the deposition. Diane Shamp, controller for Akron Management Corporation, testified at her deposition that she had previously heard something to the effect that appellees had filed counterclaims against appellant, but she did not know the nature of those claims.
 {¶ 29} Finally, Donald Padgett, general manager of Firestone Country Club, testified at his deposition that he was unaware of the nature of appellees' counterclaims against appellant. He expressly testified that he could not testify to the facts that gave rise to appellees' counterclaims. In addition, Mr. Padgett swore that he could not detail the damages sought by appellees in their counterclaims against appellant. Mr. Padgett could only assert that it was his understanding that appellees brought the counterclaims "to seek damages and for costs that we incurred in defending ourselves." Accordingly, the only harm which appellees could assert with any particularity was their desire for attorney fees in defending this action.
 {¶ 30} It is well-established that Ohio adheres to the "American rule," which generally requires that each party involved in litigation shall pay his or her own attorney fees. Krasny-Kaplan Corp. v. Flo-Tork,Inc. (1993), 66 Ohio St.3d 75, 77. In fact, "it is well established that attorney's fees `are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" Summit ValleyIndustries, Inc. v. Local 112, United Brotherhood of Carpenters Joiners of America (1982), 456 U.S. 717, 721, 72 L.Ed.2d 511.
 {¶ 31} In this case, appellees cite to no statutory authority which would allow them to recover their attorney fees associated with defending appellant's claims. Further, assuming arguendo that the "Receipt[s] of Employee Handbook" and the employment application executed by appellant constitute valid contracts, none of those documents contains any promise by appellant not to sue appellees. Accordingly, in the absence of any justification by appellees that appellant is responsible to pay for appellees' attorney fees in this matter and any evidence of their other alleged damages, appellees have failed to meet their reciprocal burden of establishing that a genuine issue of material fact remains. Zimmerman,75 Ohio St.3d at 449. Accordingly, the trial court did not err in granting summary judgment in favor of appellant in regard to appellees' counterclaims. Appellees' assignment of error is overruled.
 IV. {¶ 32} Appellant's (cross-appellee's) two assignments of error are overruled. Appellees' (cross-appellants') assignment of error is overruled. The orders of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees in regard to appellant's claims and granted summary judgment in favor of appellant in regard to appellees' counterclaims, are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to all parties.
Exceptions.
Batchelder, J., Moore, J., concur