DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Mahon-Evans Realty, Inc., appeals the judgment of the Medina County Court of Common Pleas, which granted summary judgment in favor of appellees, Dorothy M. Gunkelman, Gary R. Gunkelman and Barbara A. Gunkelman, and dismissed appellant's complaint. This Court affirms.
 I. {¶ 2} On January 31, 2006, appellant filed a complaint against appellees, alleging breach of contract, unjust enrichment and fraud. Appellant premised its complaint on allegations that appellees failed to pay a brokerage commission after *Page 2 
the sale of appellees' multimillion-dollar properties. Appellees timely answered, generally denying the allegations.
 {¶ 3} On November 22, 2006, appellees filed a motion for summary judgment. On January 3, 2007, appellant filed its memorandum in opposition to the motion for summary judgment. Appellant further withdrew its cause of action for unjust enrichment. On January 12, 2007, the trial court granted appellees' motion for summary judgment as to the remaining causes of action for breach of contract and fraud. Appellant timely appeals, raising five assignments of error for review. Some assignments of error have been consolidated to facilitate review.
 {¶ 4} In its assignments of error, appellant generally challenges the trial court's granting of summary judgment in favor of appellees. This Court reviews an award of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. *Page 3 
 {¶ 6} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT'S RULING THAT THE SALE WAS NOT MADE WITHIN THE COMMISSION AGREEMENT'S ONE-YEAR TIME PERIOD IS CONTRARY TO FACT AND LAW."
 {¶ 7} Appellant argues that the trial court erred by granting summary judgment in favor of appellees on its claim for breach of contract, because such ruling was contrary to fact and law. This Court disagrees.
 {¶ 8} To prevail on its claim alleging breach of contract, appellant must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff."Kunkle v. Akron Mgt. Corp., 9th *Page 4 
Dist. No. 22511, 2005-Ohio-5185, at ¶ 18, quoting Doner v. Snapp (1994),98 Ohio App.3d 597, 600.
 {¶ 9} This Court has previously stated:
 "`[T] he overriding concern of any court when construing a contract is to ascertain and effectuate the intention of the parties.' State ex rel. Kabert v. Shaker Hts. (1997), 78 Ohio St.3d 37, 44, quoting Trinova Corp. v. Pilkington Bros., P.L.C. (1994), 70 Ohio St.3d 271, 276. The parties' intent `is presumed to reside in the language they chose to employ in this agreement.' Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, 132. Furthermore, `any assessment as to whether a contract is ambiguous is a question of law[.] `Watkins v. Williams, 9th Dist. No. 22162, 2004-Ohio-7171, at ¶ 23. If a contract is unambiguous, its interpretation is a matter of law unaccompanied by the need for factual determinations. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246." Metcalfe v. Akron, 9th Dist. No. 23068, 2006-Ohio-4470, at ¶ 17.
 {¶ 10} The commission agreement, signed by the parties on April 9, 2003, provides in relevant part:
 "In consideration of your agreement to use your efforts in finding a purchaser for my/our property and/or business, I/we hereby grant you the sole and exclusive right to sell for a period of 30 days from date hereof ***
 "If you are successful in finding a purchaser for my/our property and/or business, or if the same is sold or exchanged during the term of your exclusive agency, or is sold within one year after the period of this agency to anyone with whom you have negotiated with respect to a sale during the period of this agency, I/we agree to pay to you a commission of 3 ½ % upon the price at which same may be sold or exchanged."
 {¶ 11} There is no dispute that appellees' property was not sold during the 30-day exclusive right-to-sell period. In addition, there is no dispute that appellees *Page 5 
and Pride One York Township Group LLC ("Pride One"), the entity which purchased appellees' property, executed the purchase agreement on May 20, 2004.
 {¶ 12} The terms of the commission agreement are not ambiguous. By the terms of the parties' agreement, appellant was only entitled to receive a commission if appellant found a purchaser or sold appellees' property during the period of April 9, 2003 until May 9, 2003, or if the property was sold by May 9, 2004, to someone with whom appellant had negotiated with respect to a sale during the exclusive right-to-sell period. John Evans of Mahon-Evans Realty, Inc. testified during his deposition that he was left out of the sale negotiations between appellees and Pride One, but that he understood that the purchase contract was not executed until May 20, 2004, because some permits were not ready and appellees had not yet been able to obtain 1031 replacement property. Accordingly, the conditions precedent to a sale of appellees' property had not occurred to permit an earlier sale.
 {¶ 13} Mr. Evans testified during his deposition that he believed he was entitled to a commission only because he "brought the buyer." He testified that the one-year provision in the commission agreement "really doesn't mean anything." He further admitted that appellant prepared the commission agreement which appellees signed.
 {¶ 14} Given the unambiguous language of the commission agreement, and presuming that the parties' intent resides in the language they chose to use, this *Page 6 
Court finds that the trial court's ruling that that property sale occurred outside the commission agreement's one-year time period is neither contrary to fact or law. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "IN THE ALTERNATIVE, THE TRIAL COURT'S RULING THAT THE COMMISSION AGREEMENT'S ONE-YEAR TIME PERIOD WAS NOT WAIVED, MODIFIED, OR EMPLOYED AS A RUSE BY THE SELLERS TO BREACH THE COMMISSION AGREEMENT IS CONTRARY TO LAW IN TRIAL AND CIV.R. 56 CONTEXT."
 {¶ 15} Appellant argues that the trial court's ruling is contrary to law because the commission agreement's one-year time period was waived, modified or used as a ruse by appellees to breach the commission agreement. This Court disagrees.
 {¶ 16} The Ohio Supreme Court has held:
 "He who asserts a waiver must prove it. *** A waiver is a voluntary relinquishment of a known right. It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. Mere silence will not amount to waiver where one is not bound to speak.
 * * * "Courts move slowly and carefully when the claim is made that a party has waived the terms of a written contract and agreed to different terms by parol, as it in fact, if not in law, amounts to a modification of the original contract." (Internal citations and quotes omitted.) White v. Canton Transp. Co. (1936), 131 Ohio St. 190, 198. *Page 7 
 {¶ 17} The record is devoid of any evidence that appellees waived any right under the contract by either word or deed. The crux of appellant's argument, in fact, is that appellees orally modified the one-year period of the commission agreement by "their uninterrupted acceptance of the broker's services for the entire run of the Keim Group-Gunkelman sale." Specifically, appellant asserts that appellees manifested an intent to extend the terms of the commission agreement by their participation in negotiating sessions and 1031 exchange property pursuits.
 {¶ 18} "The general rule is that a written contract may be orally amended if the oral amendment has the essential elements of a binding contract." Synergy Mechanical Contrs. v. Kirk Williams Co., Inc. (Dec. 22, 1998), 10th Dist. No. 98AP-431, quoting Carrocce v. Shaffer (Oct. 31, 1997), 11th Dist. No. 96-T-5521. The party seeking to prove modification has the burden of showing that any oral modification of the written contract is "supported by new and distinct consideration."Synergy Mechanical Contrs., supra.
 {¶ 19} Mr. Evans testified during his deposition that he introduced appellees to Rocky Keim, who later created Pride One with another man, within the 30-day exclusive right-to-sell period. He testified that negotiations were long and drawn out and that appellees and the prospective buyer could not execute a purchase agreement for some time because of the contingencies and details which had to first be addressed. Mr. Evans admitted that Mr. Gunkelman was not at fault *Page 8 
in slowing the process down, only that Mr. Gunkelman had not been able to acquire the necessary 1031 exchange property.
 {¶ 20} Appellant has failed to put forth any evidence to show that appellees' mere on-going negotiations with Keim constituted an oral modification of the commission agreement. The evidence establishes that appellees had been in negotiations with Keim even before they signed the commission agreement with appellant. The mere fact that appellees continued to negotiate with Keim and that no purchase agreement could be executed until the one-year provision of the commission agreement lapsed does not constitute an oral modification "supported by new and distinct consideration" of the commission agreement.
 {¶ 21} Neither has appellant put forth any evidence to establish that the effective duration of the commission agreement was extended when Mr. Gunkelman allowed appellant to continue to seek 1031 exchange property on appellees' behalf. Mr. Evans' testimony during his deposition does not support a finding that he believed that the terms of the commission agreement had been extended. Rather, he repeatedly testified that the one-year time limitation was meaningless and that he was entitled to a commission only because he had "brought the buyer" after appellees had been trying for ten years to sell their property.
 {¶ 22} Finally, appellant has failed to put forth any evidence that appellees used the commission agreement's one-year time period as a ruse to breach the *Page 9 
contract. In fact, Mr. Evans testified that he believed that execution of the purchase agreement was delayed because of issues and contingencies such as obtaining approval for sewer, water and the creation of a golf course on part of the property by the prospective purchaser. Mr. Evans further testified that he could not say that Mr. Gunkelman was not cooperating to facilitate the sale.
 {¶ 23} Based on a review of the evidence presented by both parties, appellant has failed to demonstrate any waiver or modification of the commission agreement or that appellees used the one-year time period as a ruse. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT'S IMPLIEDLY NECESSARY FINDING THAT ANY COMMISSION AGREEMENT DATE WAS `OF THE ESSENCE' AND THEREFORE CASE DETERMINATIVE IS CONTRARY TO LAW."
 {¶ 24} Appellant argues that the trial court erred when it impliedly found that time was of the essence in regard to appellant's performance under the terms of the commission agreement. This Court disagrees.
 {¶ 25} Upon thorough review of the trial court's judgment entry, this Court finds that the trial court did not premise its ruling on a finding that time was of the essence. Instead, the trial court based its ruling on the plain and unambiguous language in the commission agreement, which sets forth a condition precedent to appellant's right to receive a commission. The agreement expressly states that appellees agree to pay the commission "if appellant is successful in finding a *Page 10 
purchaser or the property is sold or exchanged during the 30-day exclusive right-to-sell period, or "if the property is sold within one year after the 30-day exclusive time period to anyone with whom appellant had negotiated during that 30-day agency period.
 {¶ 26} This Court agrees with appellees that the commission agreement constituted a unilateral contract, because appellees never had any obligation to pay a commission to appellant unless and until appellant performed according to the terms of the agreement. "Acceptance of an offer to enter into a unilateral contract can be effected only by performance of the condition prescribed and within the time fixed."Bretz v. Union Cent. Life Ins. Co. (1938), 134 Ohio St. 171, 175. Appellant failed to perform within the time fixed by the commission agreement. The trial court premised its ruling on a finding that appellant was only entitled to a commission upon compliance with the clear and unambiguous terms of the contract, and that in the absence of the contract, there was no requirement that appellees pay appellant for any services. Any argument regarding whether time was of the essence is irrelevant to this matter. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHEN DISPUTED FACTS EXIST WHICH REASONABLE MINDS COULD CONCLUDE THAT THE PLAINTIFF-APPELLANT REAL ESTATE BROKER WAS DEFRAUDED." *Page 11 
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHEN DISPUTED FACTS EXIST WHICH THE TRIAL COURT FAILED TO ADDRESS OR DID NOT CONSTRUE IN FAVOR OF THE REAL ESTATE BROKER."
 {¶ 27} Appellant argues that the trial court erred by granting summary judgment in favor of appellees because genuine issues of material fact exist which preclude an award of summary judgment on appellant's cause of action for fraud. This Court disagrees.
 {¶ 28} To prevail on its claim of fraud, appellant must prove the existence of the following:
 "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Groob v. Keybank, 108 Ohio St.3d 348, 2006-Ohio-1189, at ¶ 47, quoting Gaines v. Preterm-Cleveland Inc. (1987), 33 Ohio St.3d 54, 55.
 {¶ 29} Mr. Evans testified during his deposition that he never spoke with Dorothy Gunkelman, so there is no evidence that she made any fraudulent misrepresentation to him. He testified that he may have greeted Barbara Gunkelman one time, but he failed to show how she may have committed any fraud against him. Finally, Mr. Evans failed to show how Gary Gunkelman failed to cooperate in finalizing a contract with the buyers. In fact, Mr. Evans testified *Page 12 
that he recognized that certain matters had to be addressed before Rocky Keim and Pride One could finalize the purchase of the property. When asked what statements Mr. Gunkelman made which showed evidence of fraud, Mr. Evans testified merely that Mr. Gunkelman refused to pay the commission because the "contract ran out of time." This Court has already found that appellees had no duty to pay a commission to appellant because appellant failed to perform within the time limits required by the commission agreement. Accordingly, Mr. Gunkelman's refusal to pay on this basis can not substantiate a claim for fraud.
 {¶ 30} A review of the record indicates that the trial court considered the evidence before it and construed it in compliance with Civ.R. 56. Appellant failed to present any evidence of fraud on the part of appellees. Appellant's fourth and fifth assignments of error are overruled.
 III. {¶ 31} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 13 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, P. J., DICKINSON, J. CONCUR.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1